OPINION OF THE COURT
Gabrielli, J.
Presented for our determination is the constitutionality of a municipal ordinance which provides, effectively, that a landlord is required to consent to a warrantless inspection of his property in order to obtain a rental permit. We hold today that the imposition of a penalty upon a landlord for renting his premises without first consenting to a warrant-less search violates the property owner’s Fourth Amendment rights.
The Village of Freeport enacted a rental ordinance (Village Ordinance, art IV) in 1974 which required that landlords obtain a rental permit prior to leasing any part of a residential dwelling. For various reasons the ordinance was held to be unconstitutional in a declaratory judgment action (Sokolov v Incorporated Vil. of Freeport, 82 Misc 2d 1087), and in 1978 the ordinance was recodified in an attempt by the village to overcome the constitutional difficulties. It is this amended ordinance which is the subject of the present appeal.
The amended ordinance provides, in effect, that no one can let or relet a residence rental property within the Village of Freeport without first obtaining a permit from the village. No permit can issue without an inspection of the *344 premises to determine that the property is “safe, clean, sanitary, in good repair, and free from rodents and vermin”. Permits must be renewed every two years or each time a vacancy occurs, and an owner cannot rerent his property without submitting to an inspection and obtaining certification that the premises are free from all violations. Furthermore, the owners must immediately notify the department of buildings of the village of any vacancies, and the department must thereafter inspect the property within two business days. In the event that the inspection reveals any violations, the department may issue a notice of violations or a notice to vacate the premises. The village may impose a penalty of $250 per day for each day in which a building is occupied without a rental permit. Thus, in substance, a landlord is subject to a fine of $250 per day for failure to consent to a warrantless administrative inspection.
The appellants, owners of rental property within the Village of Freeport, commenced the present action for a declaration that the rental ordinance is unconstitutional. In addition, it appears that each of the appellants is presently being prosecuted in criminal actions in the Freeport Village Justice Court for failure to obtain rental permits under the ordinance. Supreme Court struck down the ordinance on constitutional grounds as being violative of the owners’ Fourth Amendment rights. The Appellate Division reversed, however, on constraint of the decision in Loventhal v City of Mount Vernon (51 AD2d 732). In that case the Appellate Division upheld an apparently similar ordinance, concluding that it did not have the effect of coercing plaintiffs into consenting to warrantless inspections in derogation of their constitutional rights, and that the proposed inspections were not unreasonably intrusive. We reach an opposite conclusion.
In our examination of the constitutionality of the ordinance here involved, we focus primarily on the holding and the principles set forth in Camara v Municipal Ct. (387 US 523). There, the Supreme Court held unconstitutional a San Francisco ordinance which permitted unconsented warrantless inspections of buildings or premises to ensure *345 compliance with the city’s housing code. The court found applicable to that situation the governing principle that “except in certain carefully defined classes of cases, a search of private property without proper consent is ‘unreasonable’ unless it has been authorized by a valid search warrant” (387 US, at pp 528-529, supra). The question before the court was thus not whether a search could be made, but whether the public interest justified a search without a warrant. Since the governmental purpose behind the search would not be frustrated by the burden of obtaining a warrant, and because administrative searches of the type there at issue involved significant instrusions upon the interests protected by the Fourth Amendment, the court determined that such searches could not be made without the owner’s consent unless a search warrant had first been obtained. Later, in the case of See v City of Seattle (387 US 541), the court held that the warrant procedure and the prohibition against unconsented warrantless entry outlined in Camara would be applicable to private commercial premises. Additionally, in Marshall v Barlow’s Inc. (436 US 307), the court held that Congress could not authorize the unconsented search of the work area of any employment facility within OSHA’s jurisdiction for safety hazards without a warrant. It is against this background that we view the present ordinance.
The search procedure authorized by the Freeport ordinance is, to some extent, distinguishable from those provisions previously interpreted in the case law. First, under the Freeport ordinance a warrantless search is not directly authorized, but instead the ordinance provides that an individual will be subject to criminal penalty if he rents or rerents his premises without first obtaining a permit, which in turn can be obtained only if the property owner consents to an inspection. Second, the occurrence and timing of the inspection is not completely unexpected, since the ordinance provides that the inspection must occur within two business days after the property owner has notified the department of buildings of a vacancy in the rental property. We find these differences to be inconsequential, however, and conclude that the rental permit ordinance of *346 the Village of Freeport is unconstitutional insofar as it effectively authorizes and, indeed, requires a warrantless inspection of residential rental property.
The respondent village has advanced several arguments in an attempt to persuade the court to uphold the constitutionality of the ordinance. Initially, it argues that failure to consent to a warrantless inspection is not punishable under the ordinance, but only the renting of the property without a permit. The village thus infers that any searches which are made under the ordinance are made with the consent of the owner. We find this line of reasoning to be unpersuasive, for through an indirect method the property owner is being penalized for his failure to consent to a warrantless search. In this instance the property owner’s consent is not voluntarily given (see Schneckloth v Bustamonte, 412 US 218), as it is clearly a product of coercion.[1] A property owner cannot be regarded as having voluntarily given his consent to a search where the price he must pay to enjoy his rights under the Constitution is the effective deprivation of any economic benefit from his rental property.
Additionally, we note that the village may not compel the owner’s consent to a warrantless inspection upon the theory that these searches are a burden which a property owner must bear in exchange for the right to open his property to the general public for rental. It is beyond the power of the State to condition an owner’s ability to engage his property in the business of residential rental upon his forced consent to forego certain rights guaranteed to him under the Constitution (see 3 La Fave, Search & Seizure, pp 219-220). The Supreme Court has held, and we think properly so, that “the right to continue the exercise of a privilege granted by the state cannot be made to depend upon the grantee’s submission to a condition prescribed by the state which is hostile to the provisions of the federal *347 Constitution” (United States v Chicago, etc., R. R. Co., 282 US 311, 328-329).
Respondent village also seeks to justify the ordinance by urging that the intrusion is minimal because any search of the premises will occur while the premises are vacant. This reasoning is equally unpersuasive. First, we observe that although the inspection is ostensibly to occur while the premises are vacant, such an occurrence is by no means a certainty. The ordinance provides that the search must be conducted within two business days after the department of buildings receives notification of a vacancy. It is not uncommon in residential rental, however, that the lease of an occupying tenant may expire on the last day of one month, while the lease of the succeeding tenant, and his occupancy, will commence on the first day of the following month. Thus, there may be in actuality no time during which the premises are vacant and accessible to unobtrusive inspection. Furthermore, even if the premises were vacant during the inspection, there would nevertheless be a serious intrusion upon the interests of the owner deserving of constitutional protection. The interest for which the owner seeks the protection of a warrant is not necessarily the prevention of possible inconvenience to his tenants, but .may be his own interest in “self-protection”, an interest found to be of significant importance in Camara (387 US, at p 531, swpra).
Finally, respondent seeks to justify the inspection procedure by pointing out that the search is not unexpected by the landlord, but is instead anticipatable because it must be undertaken within the two-day period prescribed in the ordinance. In this regard we merely observe that a search which is well publicized and, in fact, expectable nevertheless may be a serious intrusion into the privacy of an individual.
We note also that the result reached in the present situation finds support in the case law of other States interpreting similar ordinances (see Currier v City of Pasadena, 48 Cal App 3d 810; see, also, Wilson v City of Cincinnati, 46 Ohio St 2d 138). An ordinance which compels consent to a warrantless search may not be upheld except in certain carefully limited circumstances.
*348 Although we hold that the rental permit ordinance of the Village of Freeport before us is unconstitutional, we take further note that this holding does no violence to the legitimate code enforcement goals of the village. As was observed in Camara, most citizens will allow inspections of their property without a warrant (387 US 523, swpra). In addition, and of compelling significance, the Camara opinion expressly provided that the strict standards attending the issuance of a warrant in criminal cases are not applicable to the issuance of a warrant authorizing an administrative inspection. Thus, as the court reiterated in See (387 US, at p 545, supra), “[t]he agency’s particular demand for access will of course be measured, in terms of probable cause to issue a warrant, against a flexible standard of reasonableness that takes into account the public need for effective enforcement of the particular regulation involved”.[2] We do not believe, however, that the requirement of a warrant for an administrative inspection is a hollow one. It has been postulated that, among other things, the warrant requirement may prevent inspections based upon caprice or spite[3] and prevent administrative inspections as a pretext for police investigations; and the use of a warrant may also lead to appropriate restrictions on the *349 place to be searched (see 3 La Fave, Search & Seizure, p 194). The minor and infrequent inconvenience which a warrant requirement may create cannot overshadow the substantial benefits which will result to the individual’s dignity and liberty through the preservation of his right to privacy. It must also be emphasized, however, that our holding is not to be construed as preventing prompt inspections in true emergency situations (see Camara v Municipal Ct., 387 US 523, 539, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Nassau County, declaring the ordinance invalid, reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and the judgment of Supreme Court, Nassau County, reinstated.

. Nor may it be said that the business of residential rental is of such a nature that consent to a warrantless administrative search may be implied from the choice of the appellants to engage in this business (see United States v Biswell, 406 US 311 [dealer in firearms]; Colonnade Corp. v United States, 397 US 72 [dealer in intoxicating liquor]).

. In Camara (387 US, at pp 534-539, supra), the court held that a search warrant may authorize an area inspection program based upon an appraisal of conditions in the area as a whole, and that probable cause for the issuance of a warrant authorizing an administrative inspection does not require a demonstration of knowledge of conditions in a particular building. The standards articulated as justifying an area inspection include “the passage of time, the nature of the building (e.g., a multi-family apartment house), or the condition of the entire area” (at p 538). This list is not exhaustive, and we believe that another factor to be considered in justifying a search warrant is whether a residential rental property is being introduced onto the marketplace for the first time, without having undergone prior inspection (see See v City of Seattle, 387 US, at pp 545-546, supra). We emphasize our belief, however, that the likelihood of warrant approval in this latter instance does not justify dispensing with the warrant requirement altogether.

. The potential danger of capricious enforcement is not absent from the present inspection scheme simply because the ordinance requires a rental permit and an accompanying inspection for all landlords, since the ordinance itself, by providing that the property may be rented if an inspection is not had within two business days of notification to the department of buildings of a vacancy, contemplates that inspections may not necessarily be carried out in all instances.