OPINION OF THE COURT
Jerome Becker, J.
facts
On April 22, .1981, at about 11:15 a.m., City Marshal Grantley Crinchlow served a warrant of eviction upon the defendant, Lena Davis. As required by RPAPL 749 (subd 2) Marshal Crinchlow served the defendant a notice of eviction 72 hours prior to the actual eviction. Absent a stay of execution of the warrant, Marshal Crinchlow arrived at the defendant’s residence on April 22 to execute the warrant. The defendant consented to the marshal’s entry for the purpose of beginning the eviction process. She was present throughout the eviction.
In compliance with the regulations issued by the New York City Department of Investigation (Handbook of Regulations for New York City Marshals), Marshal Crinchlow began making an inventory of the property to be moved. During the course of the inventory, Marshal Crinchlow came across an unlicensed, loaded .38 caliber revolver. The gun was discovered while inventorying the contents of a zippered leather clothing bag in the defendant’s hall closet. (Other contraband was found, but it is stipulated by both *290 parties that these items were found in plain view and their admissibility at trial is not at issue here.) Upon the discovery of the contraband, city law enforcement officials were contacted, and the defendant was subsequently arrested.
The defendant now moves to suppress this evidence pursuant to CPL 710.20 (subd 1) claiming the marshal’s inventory of her zippered bag constituted an unreasonable search and seizure under the Fourth Amendment and applicable State constitutional provisions.
FINDINGS AND CONCLUSIONS OF LAW
The issues before this court are novel. Simply put, they are (1) whether the inventory of a tenant’s property by a city marshal in an eviction proceeding constitutes a “search” under the Fourth Amendment, and, if so (2) whether this search was reasonable.
New York State’s Legislature, through the RPAPL, has statutorily described the process by which landlords in New York City can obtain judgments of eviction against their tenants. However, the rules and regulations for the execution of warrants of eviction are promulgated by the New York City Department of Investigation, an administrative agency. The agency’s authority is supported by subdivision (A) of section 4 of the First and Second Appellate Divisions’ Joint Administrative Order No. 453 (22 NYCRR 635.9 [3] [a]) which empowers the Commissioner of Investigation to “issue directives regarding marshals’ official day-to-day activities, including * * * the official records to be kept by city marshals, the procedures for performing their duties, and the conduct of marshals and their employees.”
Inclusive in these regulations is the requirement that in an eviction proceeding, the city marshal prepare a “complete” inventory and description of the goods, appliances, household furniture, furnishings and articles contained in the premises of any tenant to be evicted (see Handbook of Regulations for New York City Marshals, § 6 et seq.). Additionally, a marshal must inventory, “by make and serial number, all appliances * * * and make note on the inventory of all jewelry, furs, cameras, or other expensive items.” If contraband is found, the marshal must contact *291 the local police precinct. All the tenant’s property must be inventoried, packed and properly sealed before the Department of Sanitation will accept it for storage in their warehouse.
The purpose of these rigid regulations is to protect both the tenant from theft and the marshal from liability against claims of stolen property.
The question for the court is whether an inventory by a city marshal should fall into the ambit of the Fourth Amendment.
In light of the fact that the eviction procedure is an administrative directive that may result in the evicted tenant being subject to criminal liability, this court holds that it does.
With all due respect to the constitutional wisdom of any Commissioner of Investigation, coupled with the review of his or her regulations by both Appellate Divisions (see Joint Administrative Order No. 453, § 4, subd [B] [22 NYCRR 635.9 (3) (a)]), any regulations emanating from an administrative body that can result in criminal proceedings against an affected party, requires at least minimal procedural and substantive constitutional protection.
Firstly, the Fourth Amendment applies to Marshal Crinchlow, because although he is not a peace officer (CPL 1.20, subd 33), he is a public servant (Penal Law, § 10.00, subd 15) and his actions were governmental in nature (People v Jones, 47 NY2d 528).
Secondly, although the Court of Appeals has held that inventory searches are not searches under the Fourth Amendment (People v Sullivan 29 NY2d 69), all New York case law deals with inventories of impounded automobiles. Clearly, more stringent standards should be applied to the search of a home, a house, or a place of business, than to an automobile (People v Kreichman, 37 NY2d 693).
Thirdly, the noncriminal purpose of an inventory has no bearing on its classification as a search. Searches for noncriminal purposes often lead to evidence forming the basis for a criminal prosecution (People v Scott D., 34 NY2d 483). Safeguards afforded by the Fourth Amendment extend beyond searches motivated by a reasonable suspicion *292 of criminal behavior. The constitutional concern for an individual’s interest in privacy is a broad one and encompasses arbitrary invasion by government officials who function in areas of public health and safety (People v Calhoun, 49 NY2d 398). Thus, the ban against unreasonable searches and seizures is applicable in situations involving “administrative” action as well as criminal proceedings (Camara v Municipal Ct., 387 US 523; Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647; People v Scott, D., supra), and applies to city marshals.
Our next question is whether this particular search was “reasonable” under the Fourth Amendment. Whether a search is reasonable depends on the facts and circumstances of each case (People v Kreichman, supra). However, the strict standards attending the issuance of a warrant in criminal cases are not applicable to the issuance of an administrative warrant (Sokolov v Village of Freeport, 52 NY2d 341).
This warrant of eviction was issued by a Civil Court Judge after the exhaustion of remedies by the tenant to retain possession of her premises. It was validly issued. Its sole function was the return of possession of the tenant’s premises to the landlord. Its execution involved no police participation or assistance (People v Stadtmore, 52 AD2d 853). It was not used as a pretext for a general warrantless search (United States v Sanford, 493 F Supp 78). It was an inventory, and a simple inventory of a tenant’s property, with a subsequent discovery of contraband, is not standing alone, a conversion of a civil process (i.e., an eviction), into an unconstitutional search.
We must keep in mind that not only was the factor of consent present (People v Cosme, 48 NY2d 286), but adequate notice (72 hours) had been given to the defendant to prepare for an eviction.
It is clear that a defendant’s reasonable expectation of privacy is a factor in determining the reasonableness of a search (People v Perel, 34 NY2d 462). Using that as a factor, it is difficult for the court to comprehend what cognizable degree of privacy in the contents of an unlocked, but zippered clothing bag, the defendant had while being *293 evicted. Whatever degree it was, it was adequately outweighed by the marshal’s obligation to carry out a complete inventory. The inventory’s level of intrusiveness was not at all excessive, and did not approach the plane of unreasonableness.
For the reasons stated herein, the defendant’s motion is denied.