■ In the Matter of FRANK LACATENA, Doing Business as HEIGHTS MEAT MARKET. DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK, Petitioner.—Mahoney, P. J. Application pursuant to CPLR 5704 (a) to vacate an ex parte order of the Supreme Court (McDermott, J.), entered December 4, 1990 in Albany County, which denied petitioner's request for an inspection warrant for the premises of Frank Lacatena, doing business as Heights Meat Market.

In March 1989, petitioner's food inspector attempted an inspection of Heights Meat Market (hereinafter Heights), a retail operation located in the City of Newburgh, Orange County. The inspection was discontinued after employees of Heights allegedly made threatening comments to the inspec-

tor. Another attempt at inspection was made in May 1990, at which time the same food inspector was allegedly assaulted by Heights employees. Petitioner thereafter applied, ex parte, for a warrant to inspect Heights. Supreme Court denied petitioner's request, leading to this application pursuant to CPLR 5704 (a).

Supreme Court denied petitioner's request for lack of probable cause on the ground that it failed to set forth facts to establish that Heights was in violation of certain provisions set forth in the Agriculture and Markets Law. We note here that "the strict standards attending the issuance of a warrant in criminal cases are not applicable to the issuance of a warrant authorizing an administrative inspection" *(Sokolov v Village of Freeport,* 52 NY2d 341, 348; *see, Camara v Municipal Ct.,* 387 US 523, 545). For an administrative inspection warrant to issue for health or safety inspections, all that is required is a showing of probable cause to conduct an inspection, not probable cause to believe that either a crime or regulatory violation has occurred *(see, Matter of R & L Distribs. v Wickham,* 36 AD2d 884, 885, *appeal dismissed* 29 NY2d 875; *State of New York v Iranian Caviar & Sturgeon Corp.,* 102 Misc 2d 1037, 1042; *see also, Marshall v Barlow's, Inc.,* 436 US 307, 320). A finding of probable cause to inspect includes a showing that reasonable legislative and administrative standards exist for the inspection of the particular premises at issue *(see, See v City of Seattle,* 387 US 541).

Here, petitioner is statutorily authorized to conduct inspections *(see,* Agriculture and Markets Law § 16 [1], [30]; § 20; art 17) as part of its regulatory function to ensure, *inter alia,* the sanitation of retail food stores *(see,* 1 NYCRR part 271). In our view, given the important governmental interest in the public health and the antagonistic reception of petitioner's inspector by Heights' employees, probable cause existed to justify the issuance of the inspection warrant. Accordingly, Supreme Court's order should be vacated and the warrant issued.

Application granted, without costs, order vacated and warrant issued. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.