■ JERALD M. STENDER et al., Plaintiffs, v CITY OF ALBANY, Defendant.—Mahoney, J. Submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222 (b) (3).

At issue in this declaratory judgment action is whether the City of Albany's Residential Occupancy Permit Provisions (Albany Housing Code, art III, § 14-129 *et seq.)* are violative of the 4th Amendment of the US Constitution or article I, § 12 of the NY Constitution. The challenged provisions require a landlord to have a dwelling unit inspected by the City's Building Department and certified as being in compliance with the requirements of the Albany Housing Code prior to initial rental or subsequent rental to new tenants. The permit process works as follows. The landlord is to serve written notice upon the Commissioner of Buildings advising of a vacancy or of a turnover in tenants, whereupon an inspection is to be arranged within three days. Provisions for access to the dwelling unit are set forth in Albany Housing Code § 14-131 (b), which provides as follows: "The Building Department shall have the right to inspect all or any part of the rental dwelling, including any unit or apartment or entire multiple residence, except that the owner, agent or person in charge thereof shall have the right to insist upon the procurement of a search warrant from a court of competent jurisdiction by the Commissioner of Buildings in order to enable such inspection. The officials charged with conducting the housing inspection pursuant to this ordinance shall be required to obtain a search warrant whenever an owner, agent or person in charge refuses to permit a warrantless inspection of the premises after having been advised that he or she has a constitutional right to refuse entry of the officials without a search warrant." Failure to comply with the inspection and certification

requirements precludes the landlord from collecting rent for the dwelling unit. Upon procurement of the permit, however, the landlord is entitled to receive "the equitable value of the occupancy of the premises, from the earliest date of occupancy" (Albany Housing Code § 14-132). Knowing and willful violations can result in a fine of up to $250 or a maximum of 15 days' imprisonment.

Plaintiffs, owners of rental properties in the City, were charged with failing to obtain the required permits prior to renting certain of their dwelling units. Plaintiff Jerald M. Stender subsequently consented to the physical inspection necessary to obtain the permit. Plaintiff Edward S. Haddad did not consent to an inspection and charges are currently pending against him. The parties have agreed to proceed in this Court, on stipulated facts, to obtain a declaration of the facial constitutionality of the challenged provisions.

It is well established that the 4th Amendment protection against unreasonable searches and seizures extends to administrative inspections of private commercial premises (see, e.g., Sokolov v Village of Freeport, 52 NY2d 341). Accordingly, to the extent that the challenged ordinance directly or in practical effect authorizes or requires a warrantless inspection, it will not pass constitutional muster (see, supra; Town of Brookhaven v Ronkoma Realty Corp., 154 AD2d 665). Such is not the case here, however. This ordinance, like that challenged and upheld in Pashcow v Town of Babylon (53 NY2d 687), expressly requires the landowner's consent or the obtaining of a search warrant prior to conducting the administrative inspection. Inclusion of the warrant requirement insures protection of the owner's constitutional rights and renders the ordinance sufficient to withstand a facial challenge to its constitutionality (supra).

However, inasmuch as Stender consented to physical inspection of his property and has obtained the required permit and disposition of the charges against Haddad have not yet occurred, we cannot at this juncture speculate about the possible unconstitutional application of the ordinance. In this regard, we caution that the penalty provisions, while not unconstitutional on their face, cannot be applied in such a manner as to render the owner's ability to collect rents conditional upon consent to a warrantless entry (see, supra; Sokolov v Village of Freeport, supra, at 346).

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that judgment is rendered in favor of defendant, with-

out costs, and it is declared that article III of the Albany Housing Code has not been shown to be unconstitutional on its face.