■ WILLIAM E. ARROWSMITH et al., Appellants, v CITY OF ROCHESTER, Respondent. [765 NYS2d 130] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Galloway, J.), entered May 6, 2002, which, inter alia, granted defendant's motion for summary judgment and denied plaintiffs' cross motion seeking partial summary judgment and preliminary injunctive relief.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs, property owners in the City of Rochester (City), commenced this declaratory judgment action challenging section 90-25 of the City Code insofar as it requires them to apply for renewal of certificates of occupancy for their residential rental properties every five years. Supreme Court properly granted defendant's motion for summary judgment and denied plaintiffs' cross motion seeking partial summary judgment and preliminary injunctive relief. Defendant established as a matter of law that none of the nine causes of action in the complaint has merit, and plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). While the court properly declared that section 90-25 is constitutional, however, it erred in dismissing the complaint (*see Boyd v Allstate Life Ins. Co. of N.Y.*, 267 AD2d 1038, 1039 [1999]). We therefore modify the judgment by vacating the provision dismissing the complaint.

The challenged ordinance, like all legislative enactments, enjoys an "exceedingly strong presumption of constitutionality" (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]), and plaintiffs failed to submit proof to rebut that presumption. Contrary to plaintiffs' contention, section 90-25 is "sufficiently precise to satisfy the requirements of due process" (*Wegman's Food Mkts. v State of New York*, 76 AD2d 95, 101 [1980]). Contrary to the further contention of plaintiffs, the ordinance, considered in conjunction with section 1-9 of the City Charter,

does not authorize warrantless, nonconsensual inspections of their properties in violation of their Fourth Amendment rights (*see Pashcow v Town of Babylon*, 53 NY2d 687, 688 [1981]; *Stender v City of Albany*, 188 AD2d 986, 987 [1992], *appeal dismissed* 81 NY2d 1006 [1993]; *cf. Sokolov v Village of Freeport*, 52 NY2d 341, 346-347 [1981]). The requirement that plaintiffs apply for renewal of certificates of occupancy every five years bears a reasonable relationship to defendant's legitimate goals of promoting public health and safety and maintaining property values (*see generally Marcus Assoc. v Town of Huntington*, 45 NY2d 501, 506-507 [1978]), and defendant's decision not to impose the same requirement on owner-occupied residential property has a rational basis (*see Lighthouse Shores*, 41 NY2d at 13). The court properly concluded that plaintiffs lack standing to allege, on behalf of their tenants, violations of the tenants' rights under the Fourth Amendment (*see Alderman v United States*, 394 US 165, 174 [1969]), the Fair Housing Act (42 USC § 3601 *et seq.*; *see Smithfield Concerned Citizens for Fair Zoning v Town of Smithfield*, 719 F Supp 75, 85 [1989], *affd* 907 F2d 239 [1990]), or the Human Rights Law (Executive Law art 15; *see Sisters of Resurrection, N.Y. v Country Horizons*, 257 AD2d 729, 731 [1999]). The court also properly rejected plaintiffs' remaining challenges to the ordinance. Present—Green, J.P., Wisner, Gorski and Lawton, JJ.