*312 OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
On August 1, 2003, the court granted the City of Rochester’s application for several administrative search warrants relating to several rental properties located in the City of Rochester, New York. One of the warrants related to a property located at 345 Flower City Park.
Before the warrant was executed, but after the time period for its execution had expired, David Ahl, the owner of 345 Flower City Park, and Steven Kelly, Mr. Ahl’s tenant at 345 Flower City Park, moved this court to intervene in this matter, and to reargue and vacate the court’s August 1, 2003 decision and order.[1] 11Mr. Ahl’s and Mr. Kelly’s motion to intervene for the purpose of challenging the court’s order as it relates to 345 Flower City Park is granted. (See CPLR 1013.)
For the reasons discussed below, with one exception that does not affect the core viability of the warrant, intervenors’ arguments are without merit. Accordingly, intervenors’ motion to vacate the court’s August 1, 2003 decision and order is denied.
Legal Discussion
Intervenors argue, first, that the constitutional principles articulated by the United States Supreme Court in Camara v Municipal Ct. of City & County of San Francisco (387 US 523 [1967]), and the New York Court of Appeals in Sokolov v Village of Freeport (52 NY2d 341 [1981]) do not permit the issuance of an administrative search warrant where, as here, the sole basis for the warrant is the landlord’s refusal to permit the City of Rochester to inspect his rental property as required by Code of the City of Rochester former § 90-25 (F) (1). The gist of intervenors’ argument is that the probable cause standard requires at least a modicum of evidence that either the property itself, or the surrounding property or neighborhood, violates applicable standards governing the property’s or neighborhood’s conditions or upkeep.
For the reasons discussed in depth in the court’s August 1, 2003 decision and order, the court disagrees. The Camara court expressly declared that the requisite probable cause for an *313 administrative search warrant can exist where “[e]xperience . . . show[s] the need for periodic inspections of certain facilities without further showing of cause to believe that substandard conditions dangerous to the public are being maintained.” (Camara, 387 US at 538.)
Specifically rejecting the argument raised by intervenors here, the Camara and Sokolov courts both affirmed that knowledge of a specific property code violation is not required to demonstrate probable cause for an administrative search warrant. (See Camara, 387 US at 538; Sokolov, 52 NY2d at 349.) Further, the Camara court held that probable cause for an administrative warrant exists so long as “reasonable legislative or administrative standards” for conducting the inspections are followed with respect to a particular dwelling. (Camara, 387 US at 538.)
In its August 1, 2003 decision and order, the court held that the Code of the City of Rochester provisions governing the inspection of rental properties are reasonable. Intervenors have presented no evidence that these provisions are unconstitutionally unreasonable. Likewise, intervenors have presented no evidence that Rochester’s experience does not support its enactment of code provisions requiring “periodic inspections” of rental properties. (Camara, 387 US at 538.) Accordingly, for the reasons stated in the court’s August 1 decision and order, constitutionally sufficient probable cause exists for the administrative search warrant of the property at 345 Flower City Park. (See Matter of Lacatena, 173 AD2d 952, 953 [3d Dept 1991] [probable cause for administrative search warrant exists where inspections are statutorily authorized and the statutory standards are reasonable].)[2]
Intervenor Kelly also argues that Code of the City of Rochester former § 90-25 (A) (1) (f), which requires certificates of occupancy (and therefore periodic inspections) for property occupied by persons other than the owner or his or her immediate *314 family members, deprives him of his constitutional right to equal protection under law. Intervenor Kelly, who is the brother of intervenor Ahl’s girlfriend, argues that he suffers unconstitutional discrimination because property inhabited by an owner or the owner’s spouse, parents or children is not subject to the Code’s certificate of occupancy requirements.
In framing his equal protection argument, intervenor Kelly asserts that Rochester must demonstrate a “compelling state interest” to justify the unequal application of Rochester’s certificate of occupancy obligations. (Intervenors’ mem of law at 25.) This analysis is incorrect. Unless a “fundamental right” is implicated by a governmental policy, or unless the people who face governmental discrimination constitute a “suspect class,” a government’s discriminatory policy violates a person’s constitutional equal protection rights only if there is no rational basis for the discriminatory policy. (See City of Cleburne v Cleburne Living Ctr., 473 US 432, 440-441 [1985].)
No fundamental right is implicated by Rochester’s certificate of occupancy requirements, and the class of people who face discriminatory treatment — persons who are not the property owners or the owners’ immediate family members — do not constitute a suspect class. Thus, the applicable test is whether there is a rational basis for the code’s discriminatory policy. With respect to the class of property exempt from the certificate of occupancy requirements, it was rational for the City to conclude that there was no need to require periodic inspections of property in which a property owner or his or her immediate family members reside.
Recently, in Arrowsmith v City of Rochester (309 AD2d 1201 [4th Dept 2003]), the Fourth Department upheld the constitutionality of Code of the City of Rochester former § 90-25. Addressing petitioners’ equal protection claim in that case, the Fourth Department applied a rational basis test, and concluded that Rochester’s “decision not to impose the same [certificate of occupancy] requirement on owner-occupied residential property has a rational basis.” (Arrowsmith, 309 AD2d at 1202 [citation omitted].) This court concurs. Intervenor Kelly’s equal protection argument, therefore, cannot be sustained.
Intervenors argue, third, that Rochester should not be permitted to obtain an administrative search warrant on an ex parte basis, i.e., without giving the property owner advance notice and an opportunity to challenge the warrant before it is issued by the court. While this argument may be superficially intriguing, it is unavailing here.
*315 The Code of the City of Rochester provides every Rochester property owner with ample notice of the specific circumstances in which certificates of occupancy and property inspections are required. Rochester provides property owners with advance written notice of its requests for voluntary inspections pursuant to City Code provisions. Rochester seeks ex parte administrative search warrants only after a property owner refuses to permit the City to conduct an inspection on a voluntary basis. Under these circumstances, a property owner is not without notice that an inspection pursuant to an administrative search warrant may be forthcoming.
Furthermore, property owners are not without judicial recourse when an administrative search warrant is issued. As in this action, if a property owner believes that an administrative search warrant has been issued illegally, he or she may seek to have it quashed upon proper motion.
In any event, nearly all search warrants, whether criminal or administrative, are issued on an ex parte basis. There is no constitutional or legal proscription against the issuance of ex parte administrative search warrants. (See Stoddard Lbr. Co., Inc. v Marshall, 627 F2d 984, 989 [9th Cir 1980]; National-Standard Co. v Adamkus, 685 F Supp 1040, 1048 [ND Ill 1988], affd 881 F2d 352 [1989].)
Accordingly, intervenors’ assertion that ex parte administrative search warrants cannot be issued by the court is groundless.
Fourth, intervenor Ahl asserts that he has “already been tried and acquitted of the offense of not obtaining a certificate of occupancy” for 345 Flower City Park at an administrative hearing conducted on March 27, 2002. (Intervenors’ mem of law at 35; see intervenor Ahl affidavit, exhibit L.) Therefore, according to intervenor Ahl, judicial principles of res judicata and collateral estoppel bar Rochester from asserting, in support of its application for an administrative search warrant, that intervenor Ahl has failed to obtain a certificate of occupancy for 345 Flower City Park.
According to the parties’ submissions following oral argument in this matter, intervenor Ahl attended an administrative hearing on March 27, 2002 to challenge a ticket issued on February 7, 2002. The hearing was adjourned for further proceedings. Before the proceedings were continued, however, Rochester’s administrator of code compliance voided the February 7, 2002 ticket. Under these circumstances, there was no dismissal *316 of the ticket on the merits of the charges. Consequently, the dismissal of the charges alleged in the February 7, 2002 ticket does not have any res judicata effect against a subsequent action based on the same facts. (See Gallo v Teplitz Tri-State Recycling, 254 AD2d 253, 253-254 [2d Dept 1998]; Lanuto v Constantine, 215 AD2d 946, 947 [3d Dept 1995].)
Even if the March 27, 2002 hearing had resulted in the dismissal of the February 7, 2002 charge on its merits, the dismissal would have no bearing in this action. Contrary to his assertion, intervenor Ahl was not charged with “the offense of not obtaining a certificate of occupancy.” (Intervenors’ mem of law at 35.) Rather, the February 7, 2002 ticket charged intervenor Ahl merely for “failing to apply for a certificate of occupancy at 345 Flower City Park.” (Intervenors’ motion, exhibit I.)
The City of Rochester does not claim in this action that intervenor Ahl failed to apply for a certificate of occupancy. Instead, in the affidavit submitted in support of its application for an administrative search warrant, the City of Rochester asserted that the property owner applied for a certificate of occupancy, but refused to permit an inspection of the property as required by the City Code. Because intervenor Ahl’s conduct that was the subject of the February 7, 2002 ticket and the March 27, 2002 hearing is substantively different than the conduct at issue in this action, the decision in the former action has no res judicata or collateral estoppel effect on this proceeding.
Finally, intervenors assert that the scope of the administrative search warrant is overbroad. In this regard, intervenors make a valid point.
The Fourth Amendment to the United States Constitution requires a search warrant to describe with particularity the property to be seized. Accordingly, a warrant’s directive must “be specific enough to leave no discretion to the executing officer.” (People v Brown, 96 NY2d 80, 84 [2001].) The function of the particularity requirement is to “prohibit law enforcement agents from undertaking a general exploratory search of a person’s belongings.” (People v Brown, 96 NY2d at 84.) Thus, while a criminal search warrant may authorize the seizure of, for example, drugs, a warrant may not give police license to seize “any other property the possession of which would be considered contraband.” (People v Brown, 96 NY2d at 84.)
As discussed above and in the court’s August 1, 2003 decision and order, the nature and quantum of probable cause necessary *317 to obtain a warrant is less than that necessary for a criminal search warrant. For that reason, it is especially important that an administrative search warrant carefully describe the scope of the search so that the search does not exceed constitutional safeguards.
The warrant submitted by City of Rochester for the court’s signature provides for the search of the “interior and exterior” of the premises of 345 Flower City Park “in order to ascertain whether there exist violations of the Property Conservation Code, the Building Code, the Plumbing Code, the Electrical Code, and other state or local laws, ordinances or regulations enforced by the City of Rochester.” (Interveners’ motion, exhibit 0.) In the court’s view, the language of the requested warrant is unconstitutionally overbroad in two respects.
First, the requested warrant is overbroad with respect to the scope of the search. The requested warrant properly authorizes an inspection of the premises to determine the existence of violations of certain specific codes of the City of Rochester relating to the maintenance, construction, use and occupancy of buildings, structures and property. On the other hand, the requested warrant also authorizes an inspection to determine the existence of violations of “other state or local laws, ordinances or regulations enforced by the City of Rochester.”
In setting forth the specific codes that are to be enforced, the warrant provides adequate notice to the property owner as to what possible code violations are the subject of the search. No such notice exists with respect to a search for violations of “other state or local laws, ordinances or regulations enforced by the City of Rochester.” Thus, this latter aspect of the requested warrant is unconstitutionally overbroad.
Second, the requested warrant is overbroad with respect to the nature of the search.[3] Presumably, because the requested warrant does not provide for the seizure of any tangible items, no such items will be seized. However, the requested warrant also fails to set forth any information as to how intangible evidence will be collected; for example, whether photographs will be taken, whether videos will be taken, or whether the evidence will be based solely upon the inspectors’ visual inspection and note taking. An administrative search warrant that does not *318 provide for the seizure of tangible items should nonetheless provide sufficient information describing how the intangible evidence obtained in the course of the inspection is to be collected. The requested warrant in this matter does not adequately do so.
While not a constitutional infirmity, the requested administrative search warrant fails to comply with legal requirements in another respect. Criminal Procedure Law § 690.45 requires a search warrant to contain a specific direction that the warrant must be executed between the hours of 6:00 a.m. and 9:00 p.m., or any other time that is expressly requested and authorized by the court. The warrant submitted for the court’s signature omits this required provision.[4]
Conclusion
For the foregoing reasons, intervenors’ motion to vacate the court’s August 1, 2003 decision and order is denied. The August 1 decision and order is modified to reflect that the premises at 345 Flower City Park, Rochester, New York, is a single-family residence rather than a “multi-family apartment building.”
On September 8, 2003, intervenors filed a notice of appeal from the court’s August 1, 2003 decision and order. Intervenors request this court to stay its August 1 decision and order, as well as this decision and order, pending their appeal in this matter. Intervenors’ request is granted. {See CPLR 5519 [c].)[5]

. Intervenors also sought to vacate the administrative search warrant for 345 Flower City Park issued by Judge Teresa Johnson on or about September 11, 2003. Judge Johnson, however, vacated that warrant on September 26, 2003. Accordingly, this component of intervenors’ motion is moot.

. Under the heading of “The Warrant Applications Fail to Establish Probable Cause,” intervenors contend that Code of the City of Rochester former § 90-25 (A) (1) (f) violates Multiple Residence Law § 302 insofar as that provision requires certificates of occupancy for single-family residences that are not owner-occupied. (See intervener’s mem of law, at 37-40.) The sole controversy before the court is whether the administrative search warrant requested by the City of Rochester is lawful. Whether Rochester’s certificate of occupancy code provisions violate intervenors’ rights under state law is an issue that must be raised in a proper separate action. Regardless, the Fourth Department has upheld the legality of Code of the City of Rochester former § 90-25 in Arrowsmith v City of Rochester (309 AD2d 1201 [4th Dept 2003]).

. Like its criminal counterpart, an administrative search warrant necessarily incorporates the warrant execution requirements of Criminal Procedure Law §§ 690.30 and 690.50.

. The court notes that the existence of unconstitutionally overbroad provisions in the warrant does not invalidate the entire warrant. To the contrary, “only the fruits of the invalid portion need be suppressed.” (People v Brown, 96 NY2d at 85, 87-88.)

. The court notes the absence of any urgent need to execute the administrative search warrant for 345 Flower City Park. The City of Rochester did not execute the August 1, 2003 administrative search warrant within the available 10-day period, and did not request another search warrant until September 8, 2003. As discussed above, Judge Teresa Johnson signed the second requested warrant on September 11, 2003, but vacated it on September 26, 2003.