■ R. BRUCE McLEAN, Appellant, v CITY OF KINGSTON et al., Respondents. [869 NYS2d 685]—

Stein, J.

In July 2004, plaintiff registered his two rental properties with the City of Kingston Building Safety Division as required by the Kingston City Code, and rental dwelling permits were issued to plaintiff. Between September 2005 and June 2006, defendant Michael A. LeFevre sent plaintiff a series of letters on behalf of defendant City of Kingston,[1] scheduling appointments to inspect plaintiff's rental properties pursuant to the Code. Each letter set forth a date and time at which the inspectors would arrive and indicated that, if plaintiff was unable to make the appointment, he should call to cancel in order to avoid the imposition of a $150 reinspection fee. Plaintiff failed to appear on the scheduled dates for the inspections, as a result of which

1. LeFevre sent the letters in his capacity as Deputy Chief of the Building Safety Division of the Kingston Fire Department.

the appointments were rescheduled and plaintiff was assessed reinspection fees of $150 for each missed appointment.[2]

Plaintiff commenced this action seeking a judgment declaring Kingston City Code chapter 332[3] unconstitutional under the NY and US Constitutions, an injunction preventing enforcement of the law and judgment as to LeFevre's liability and damages under 42 USC § 1983. Plaintiff moved and defendants cross-moved for summary judgment. Supreme Court denied plaintiff's motion and granted defendants' cross motion, declaring the law to be constitutional and dismissing plaintiff's complaint. Thereafter, Supreme Court denied plaintiff's subsequent motion to renew. Plaintiff now appeals from both orders and we affirm.

Pursuant to Kingston City Code chapter 332, owners of rental properties in the City are required to register the property with the Building Safety Division of the Kingston Fire Department prior to renting any unit (see Kingston City Code §§ 332-2, 332-3 [D]). At least once every 24 months thereafter, each rental property must be inspected by the Building Safety Division after notification to the owner or managing agent of the date and time of the inspection (see Kingston City Code § 332-4). If the owner refuses to consent to the inspection, the Building Safety Division, through Corporation Counsel, is authorized to apply for a search warrant. Violation of the Code is an offense as defined in the Penal Law and is subject to both civil and criminal penalties, including revocation of the rental permit, fines and/or a jail sentence. Plaintiff argues that Kingston City Code chapter 332 is unconstitutional on its face and as applied to him because it does not require the procurement of a warrant if the property owner does not consent to an inspection and because he was penalized for attempting to exercise his right to refuse to consent to such inspection. We disagree.

While "[i]t is well established that the 4th Amendment protection against unreasonable searches and seizures extends to administrative inspections of private commercial premises" (*Stender v City of Albany*, 188 AD2d 986, 987 [1992], *appeal dismissed* 81 NY2d 1006 [1993]), "all legislative enactments[ ] enjoy[ ] an 'exceedingly strong presumption of constitutionality' " (*Arrowsmith v City of Rochester*, 309 AD2d 1201, 1201

2. Upon the eventual inspections of the properties, several code violations were found and plaintiff was fined for those violations. Fees were also assessed for several reinspections to determine if the violations had been remedied. Plaintiff is not challenging those fees herein.

3. Chapter 332 of the Kingston City Code was adopted by the Common Council of the City of Kingston by Local Law No. 3 (2004), as amended by City of Kingston Local Law No. 4 (2004).

[2003], quoting *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]). Furthermore, "[a] fundamental rule of statutory construction is that the Legislature is presumed to mean what it says" (*Matter of Schmidt v Roberts*, 74 NY2d 513, 520 [1989], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 94). Therefore, "when a statute is free of ambiguity, a court should construe it so as to give effect to its plain meaning" (*Matter of Schmidt v Roberts*, 74 NY2d at 520; *see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 372 [2007]; *Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 106-107 [1997]).

Kingston City Code § 332-5 provides as follows: "The Building Safety Division of the Kingston Fire Department may seek a search warrant whenever the owner and/or managing agent fails to allow inspections of any dwelling unit contained in the rental property where there is a reasonable cause to believe that there is a violation of this Article or [applicable safety and maintenance codes]." We reject plaintiff's argument that the ordinance fails to pass constitutional muster because it is not as explicit as the language of the analogous provision of the Albany City Code reviewed in *Stender v City of Albany* (188 AD2d at 986 [code provides that the building owner "shall have the right to insist upon the procurement of a search warrant" and that officials "*shall* be required to obtain a search warrant" whenever an owner does not consent to an inspection (emphasis added)]). Inasmuch as the plain language of the Kingston City Code requires either the consent of the owner or a valid search warrant in order for the Building Safety Division to inspect property, we find it to be facially constitutional (*see Pashcow v Town of Babylon*, 53 NY2d 687, 688 [1981]).

Nor is there any evidence that an owner's refusal to consent to an inspection is considered a violation of the ordinance, as the reinspection fee is imposed only when a property owner fails to notify the Building Safety Division of his or her unavailability on the date scheduled (*see* Kingston City Code § 332-9 [B] [3], [4]) (or if further inspections are required to determine if a violation has been remedied). Similarly, the evidence proffered by plaintiff on his motion to renew does not establish the application of criminal sanctions on the basis of an owner's refusal to consent to an inspection (as opposed to an owner's failure to keep or cancel a scheduled inspection). Thus, on its face, the statute does not unconstitutionally penalize a property owner for refusing to consent (*see Pashcow v Town of Babylon*, 53 NY2d at 688; *cf. Sokolov v Village of Freeport*, 52 NY2d 341, 345-346 [1981]).

Likewise, plaintiff has failed to demonstrate that Kingston City Code chapter 332 was unconstitutional as applied to him. Plaintiff admits that he consented to the inspection of his property after the building inspector informed him that she would seek a warrant. Since his right to refuse to consent to a warrantless search was not penalized, his consent was voluntary and not vitiated under these circumstances (*see Pashcow v Town of Babylon*, 53 NY2d at 688; *Sokolov v Village of Freeport*, 52 NY2d at 345-346; *People v Williams*, 159 AD2d 743, 744 [1990]). Furthermore, inasmuch as Kingston City Code chapter 332 was not unconstitutionally applied to plaintiff, his 42 USC § 1983 claim for damages against LeFevre is without merit (*see Wilson v Layne*, 526 US 603, 609 [1999]).

Mercure, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.