# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**132**
**CA 10-01274**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF BROCKPORT SWEDEN PROPERTY
OWNERS ASSOCIATION, BY ITS TREASURER, NORMAN
GIANCURSIO, PETITIONER-PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

VILLAGE OF BROCKPORT,
RESPONDENT-DEFENDANT-RESPONDENT.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE, WELCH & LEONE, LLP, ROCHESTER
(MICHAEL P. LEONE OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 9, 2009 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, dismissed the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting judgment in favor of respondent-defendant as follows:

It is ORDERED, ADJUDGED and DECREED that Village of Brockport Local Law No. 8 of 2008 is constitutional and is not preempted by or inconsistent with state law

and as modified the judgment is affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner), an association of landlords in the Village of Brockport and the Town of Sweden, commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to annul the determination enacting Local Law No. 8 of 2008 (hereafter, Local Law No. 8), which added chapter 36 to the Brockport Village Code. Petitioner also sought a declaration that Local Law No. 8 is preempted by and inconsistent with state law and that it is unconstitutional.

We reject petitioner's contention that the Village Board of respondent-defendant (respondent) failed to comply with article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) in enacting Local Law No. 8. It is axiomatic that the role of the court in reviewing SEQRA determinations is limited to

determining "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Dunk v City of Watertown*, 11 AD3d 1024, 1024-1025; *Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1020).  Contrary to petitioner's contention, Supreme Court properly concluded that the determination of the Village Board that the enactment of Local Law No. 8 constituted a Type II action pursuant to SEQRA was not arbitrary and capricious (*see* CPLR 7803 [3]), inasmuch as such action constitutes "routine or continuing agency administration and management [that does] not include[ ] new programs or major reordering of priorities that may affect the environment" (6 NYCRR 617.5 [c] [20]).  We reject petitioner's contention that those parts of Local Law No. 8 requiring, inter alia, that owners of residential rental properties register their properties with the Village Code Enforcement Officer (Code Enforcement Officer) (*see* Brockport Village Code § 36-4) and that certificates of occupancy be issued upon the transfer of title of those properties (*see* § 36-5) constitute "new programs or major reordering of priorities that may affect the environment" (6 NYCRR 617.5 [c] [20]).  Thus, we conclude that the court properly dismissed the petition.

Contrary to petitioner's further contention, that part of Local Law No. 8 permitting the Code Enforcement Officer to apply for an administrative warrant to inspect rental properties does not violate the probable cause requirement of the Fourth Amendment.  "The challenged [local law], like all legislative enactments, enjoys an 'exceedingly strong presumption of constitutionality' " (*Arrowsmith v City of Rochester*, 309 AD2d 1201, 1201, quoting *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11), and we conclude that, "on its face, [Local Law No. 8] does not unconstitutionally penalize a property owner for refusing to consent" to an inspection of his or her rental property (*McLean v City of Kingston*, 57 AD3d 1269, 1271, *appeal dismissed* 12 NY3d 848; *see Pashcow v Town of Babylon*, 53 NY2d 687; *cf. Camara v Municipal Ct. of City & County of San Francisco*, 387 US 523, 527-531; *Sokolov v Village of Freeport*, 52 NY2d 341, 346).  Furthermore, we conclude that Local Law No. 8 "bears a reasonable relationship to [respondent's] legitimate goals of promoting public health and safety and maintaining property values" (*Arrowsmith*, 309 AD2d at 1202).

We conclude that petitioner's contention regarding that part of Local Law No. 8 limiting respondent's liability with respect to the inspection of rental properties is not ripe for review.  "The only exception to [the] general prohibition [against such liability] is when a special relationship exists between the municipality and the [property owner]," and none is alleged here (*Okie v Village of Hamburg*, 196 AD2d 228, 231-232).  Petitioner's further contention that Local Law No. 8 may abrogate nonconforming uses also is not ripe for review inasmuch as there is no actual controversy that is " 'real and present or imminent' " but, rather, that claim is abstract and hypothetical (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 518, *cert denied* 479 US 985; *see generally Matter of Town of Riverhead*

*v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 681). Finally, we reject petitioner's contention that Local Law No. 8 is preempted by the Uniform Fire Prevention and Building Code (*see generally* Executive Law § 379 [3]).

We conclude, however, that the court erred in dismissing the complaint rather than declaring the rights of the parties (*see Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047), and we therefore modify the judgment by declaring that Village of Brockport Local Law No. 8 of 2008 is constitutional and is not preempted by or inconsistent with state law.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court