Lahtinen, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Town Board of the Town of Southport which revoked petitioner’s license to operate a mobile home park.
Petitioner owns the Brookside Trailer Park in the Town of Southport, Chemung County, and it had a license to operate the mobile home park under chapter 352 of the Town of Southport Municipal Code. In March 2011, respondent David Sheen, the Town Supervisor, received a letter from the volunteer fire department regarding purported “sub-human living conditions” and “serious code violations” observed by fire department members when responding to a call at the mobile home park in January 2011. On April 15, 2011, Peter Rocchi, the Town’s Code Enforcement Officer, apparently attempted to inspect the park but was refused entry by its manager, Jerry Shoemaker. Rocchi reported the refusal to the Chemung County Sheriff, who applied for an administrative inspection warrant. A warrant, limited to an inspection for violations of land use regulations, was issued by a town justice and, on April 21, 2011, Rocchi, accompanied by five inspectors and escorted by a dozen law enforcement personnel, conducted an inspection of the park.
Over 300 alleged code violations were found, resulting in Rocchi issuing a notice of violation and order to remedy such conditions. Petitioner was then directed to appear before the Town Board of the Town of Southport for a hearing regarding the revocation of its license to operate the mobile home park. The hearing was held over two days in June 2011, after which the Town Board voted four to zero, with Sheen abstaining, to revoke petitioner’s license. This proceeding to annul that determination ensued. Supreme Court, among other things, denied petitioner’s requests for discovery and for a hearing regarding the issuing and executing of the administrative warrant. Upon finding no objections that would terminate the proceeding, and a substantial evidence issue having been raised, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
Petitioner contends that the determination was not supported *929 by substantial evidence and was infected by errors of law. Under substantial evidence review, we “defer to the [Town Board’s] credibility determinations and resolution of conflicting evidence” (Matter of Anghel v Daines, 86 AD3d 869, 872 [2011]; see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County, 60 NY2d 979, 981 [1983]). The fact that a different conclusion could have been reasonably reached is not sufficient ground to set aside the determination (see Matter of Steinberg v DiNapoli, 93 AD3d 1068, 1069 [2012]; Matter of Holmstrand v Board of Regents of Univ. of State of N.Y., 71 AD2d 725, 726 [1979]). Here, Rocchi related at the hearing events surrounding the inspection of the park and conditions observed there. He presented photographs and detailed descriptions of numerous conditions that constituted code violations. Many were serious in nature, ranging from exposed electrical wires to sewage on top of the ground. Petitioner’s sole shareholder, Gary Cohn, as well as the park’s manager, Shoemaker, testified regarding efforts to address the identified violations. Although some had been repaired, many of the violations remained at the time of the hearing. Petitioner’s reliance upon the lack of extensive violations in earlier years or complaints from neighbors was not a particularly relevant factor; the important issue involved the conditions discovered during the inspection and not what may have occurred in prior years. The Town Board credited most of the extensive proof regarding code violations, and such proof provided substantial evidence supporting its determination. Further, in light of such proof, we find unavailing petitioner’s contention that the penalty of revoking its license was shocking to one’s sense of fairness.
Petitioner argues that various legal errors occurred leading up to and at the hearing. Our review of these arguments, made in a CPLR article 78 proceeding following a hearing, is limited to whether the Town Board exceeded its authority, violated a controlling law or otherwise acted in an arbitrary and capricious manner (see e.g. Matter of Small v City of N.Y. Dept. of Sanitation, 74 AD3d 828, 829 [2010]). Under the Town Municipal Code, an order to remedy is supposed to give five days’ notice for compliance. While the April 27, 2011 order incorrectly set forth the remedy date as April 21, 2011, the hearing was not conducted for nearly two months and petitioner was permitted to submit evidence of repairs up to the time of the hearing. Any error in Sheen (the Town Supervisor) — rather than the entire Town Board — making the appointment of additional code enforcement officers to assist Rocchi does not render the proceeding fatally defective, since such inspectors were properly *930 certified and the entire Town Board considered the evidence regarding the inspections. Although petitioner should have been allowed to question Sheen at the hearing, such questioning apparently would have pertained to matters prior to the inspection instead of the issue before the Town Board regarding the violations revealed by the inspections and whether they had been rectified. The legal errors asserted by petitioner fail to reveal that the Town Board acted in an arbitrary fashion regarding the germane issues before it.
Supreme Court did not err in determining that a separate hearing was not necessary regarding the issuing and executing of the administrative inspection warrant, which is not held to as strict a standard as a warrant in a criminal case (see Matter of Lacatena [Department of Agric. & Mkts. of State of N.Y.], 173 AD2d 952, 953 [1991]; see also Sokolov v Village of Freeport, 52 NY2d 341, 348 [1981]). Petitioner questioned the County Sheriff and elicited information regarding the warrant at the hearing, and we agree with Supreme Court that a need for a further hearing on the warrant was not established. We also find that Supreme Court acted within its discretion in determining that a need for discovery within the context of this CPLR article 78 proceeding was not shown (see e.g. Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381, 1385 [2012], lv denied 19 NY3d 812 [2012]). The remaining arguments have been considered and found unavailing.
Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.