■ ANDREW E. WISOFF, Appellant, v CITY OF SCHENECTADY, Respondent. [984 NYS2d 207]—

Egan Jr., J. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered January 27, 2012 in Schenectady County, which, among other things, granted defendant's cross motion for summary judgment declaring a portion of the Code of the City of Schenectady to be constitutional, and (2) from an order of said Court, entered May 18, 2012 in Schenectady County, which denied plaintiff's motion for reconsideration.

Plaintiff, the owner of a number of two-family rental properties located in the City of Schenectady, Schenectady County, commenced this declaratory judgment action in January 2007 seeking to declare certain portions of the Code of the City of Schenectady—specifically, the Rental Certificate Ordinance (hereinafter RCO) (see Code of City of Schenectady former § 167-56 et seq.)—to be unconstitutional.[1] In so doing, plaintiff contended that the RCO violated his right to be free from unwarranted and unreasonable searches under US Constitution 4th Amendment and the parallel provisions of NY Constitution, article I, § 12. Defendant answered and counterclaimed and, in conjunction therewith, removed the action to the United States District Court for the Northern District of New York. District Court (Mordue, J.) retained jurisdiction over plaintiff's 4th Amendment claims, remanded plaintiff's state law claims to Supreme Court and stayed the federal action pending resolution of the state action. Plaintiff then moved for summary judgment declaring the RCO to be unconstitutional on its face, and de-

1. Although the Code apparently was amended/renumbered during the pendency of this action, the parties' arguments are addressed to the version of the Code in effect at the time this action was commenced.

fendant cross-moved for, among other things, summary judgment dismissing plaintiff's state law claims. Supreme Court denied plaintiff's motion, granted defendant's cross motion and declared that the RCO was facially valid. Plaintiff's subsequent motion for reconsideration was denied, prompting these appeals.

We affirm. The RCO provided, in relevant part, that "[i]t shall be unlawful for any owner to permit the occupancy of any rental unit subject to [former art X of the Code of the City of Schenectady], unless such unit has a current and valid rental certificate or temporary rental certificate" (Code of City of Schenectady former § 167-59 [A]). Thus, "[w]henever a vacancy shall exist in a rental unit and a leasing is about to occur, or whenever there is a change in occupancy, the owner [must] submit a written application for a rental certificate" (Code of City of Schenectady former § 167-60 [A] [1]) and, "[w]ithin five working days of receipt of [such] application, the Building Inspector [must] inspect the rental unit to determine if [it] is in compliance with" certain enumerated housing standards (Code of City of Schenectady former § 167-60 [A] [2]). If the Building Inspector is unable to perform the necessary inspection within the five-day window, the property owner may apply for a temporary rental certificate, which "is valid for 30 days or until the unit is inspected . . . , whichever is less" (Code of the City of Schenectady former § 167-60 [B] [2]).² In the event that the property owner refuses to grant access to the premises, "the Building Inspector shall apply for a search warrant or court order in an appropriate court and upon a showing that there [are] reasonable grounds to believe that a building or rental unit within [the] building is rented and occupied in violation of" the RCO (Code of the City of Schenectady former § 167-61). A property owner's violation of the RCO may result in the imposition of a fine or other civil or criminal penalties (see Code of the City of Schenectady former § 167-67).

"It is well established that the 4th Amendment protection against unreasonable searches and seizures extends to administrative inspections of private commercial premises. [Thus,] to the extent that the challenged ordinance directly or in practical effect authorizes or requires a warrantless inspection, it will not pass constitutional muster" (*Stender v City of Albany*, 188 AD2d 986, 987 [1992], *appeal dismissed* 81 NY2d 1006 [1993] [citations omitted]; *see Sokolov v Village of Freeport*, 52 NY2d 341, 345-346 [1981]; *ATM One, LLC v Incorporated Vil. of Hemp-*

---

**2.** Such application must be accompanied by a sworn affidavit from the owner that the unit is in compliance with the applicable housing standards.

*stead*, 91 AD3d 585, 587 [2012]; *Town of Brookhaven v Ronkoma Realty Corp.*, 154 AD2d 665, 666 [1989]).[3] Here, however, the RCO expressly required either the consent of the property owner *or* the issuance of a valid search warrant in order for the Building Inspector to conduct the administrative inspection. As the inclusion of the warrant requirement is sufficient to safeguard plaintiff's constitutional rights, his challenge to the facial validity of the RCO must fail (*see Pashcow v Town of Babylon*, 53 NY2d 687, 688 [1981]; *Matter of Cappon v Carballada*, 109 AD3d 1115, 1117 [2013], *appeal dismissed and lv denied* 22 NY3d 1132 [2014]; *McLean v City of Kingston*, 57 AD3d 1269, 1271 [2008], *lv dismissed* 12 NY3d 848 [2009]; *Stender v City of Albany*, 188 AD2d at 987; *see also Arrowsmith v City of Rochester*, 309 AD2d 1201, 1201-1202 [2003]; *see generally Matter of Burns v Carballada*, 101 AD3d 1610, 1611-1612 [2012], *appeal dismissed and lv denied* 22 NY3d 926 [2013]).

To the extent that plaintiff contends that the rental certificate requirement set forth in the RCO effectively deprived him of the beneficial use of his properties, we disagree. As noted previously, plaintiff's ability to rent his properties clearly is not conditioned upon his consent to a warrantless inspection thereof. Moreover, to the degree that plaintiff's argument may be construed as challenging the propriety of the imposition of the rental certificate requirement in the first instance, suffice it to say that, based upon our review of the record, we are satisfied that the RCO "bears a rational relationship to a legitimate [governmental] goal" (*Marcus Assoc. v Town of Huntington*, 45 NY2d 501, 507 [1978]; *see Matter of Brockport Sweden Prop. Owners Assn. v Village of Brockport*, 81 AD3d 1416, 1418 [2011]; *Arrowsmith v City of Rochester*, 309 AD2d at 1202). Finally, nothing on the face of the RCO suggests that a property owner's refusal to consent to the underlying inspection constitutes a violation of the ordinance, and plaintiff has failed to demonstrate that he is being "unconstitutionally penalize[d] . . . for refusing to consent" to the administrative inspection (*McLean v City of Kingston*, 57 AD3d at 1271; *see Matter of Brockport Sweden Prop. Owners Assn. v Village of Brockport*, 81 AD3d at 1418). Plaintiff's remaining contentions, including those addressed to the denial of his motion for reconsideration, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** Inasmuch as the language of US Constitution 4th Amendment and NY Constitution, article I, § 12 "is identical, it may be assumed, as a general proposition, that the two provisions confer similar rights" (*People v Harris*, 77 NY2d 434, 437 [1991]).