## SECOND DEPARTMENT, JULY, 1969

### (July 2, 1969)

BON AIR ESTATES, INC., Appellant-Respondent, v. VILLAGE OF SUFFERN, Respondent-Appellant.— In an action to declare certain provisions of the Zoning Ordinance of the Village of Suffern, as interpreted by the Building Inspector of the Village, unconstitutional and to recover money damages, in which action the village counterclaimed for money damages, (1) plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered November 4, 1968 after a nonjury trial, which dismissed the complaint, and (2) defendant cross-appeals from the judgment insofar as it omitted to grant relief on the counterclaims. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. Plaintiff is the owner of real property in the Village of Suffern. On several occasions prior to 1966 plaintiff erected garden apartment complexes on the property. On each occasion it was only required to pay the maximum sum of $1,000 for a building permit, pursuant to section 55–2 of the Zoning Ordinance of the Village of Suffern, even though each complex contained several building groups. On October 11, 1966 it tendered $1,020, representing $1,000 for a building permit and $20 for a certificate of occupancy. It was advised by the building inspector of the village that henceforth each building group in a garden apartment complex would require a separate building permit and a separate certificate of occupancy. According to the building inspector, he had been advised by the village attorney that this was the interpretation to be given section 55–2 of the Zoning Ordinance. This interpretation required that the fee for each building permit be computed separately and that the maximum of $1,000 per permit apply independently to each building group

and not to the complex as a whole. Accordingly, the Building Inspector demanded $9,550 in payment for 22 building permits and certificates of occupancy. Plaintiff paid this sum and brought the present action. The trial court found that the ordinance as interpreted was constitutional and dismissed the complaint. Insofar as applicable to this appeal, section 55-2 of the Zoning Ordinance of the Village of Suffern reads as follows: "No building * * * shall be erected, * * * until there has been filed with the Building Inspector a plan in duplicate drawn to scale showing the actual dimensions of the lot to be built upon, the existing contours thereof at two (2) foot intervals, the exact size and location on the lot of the buildings or structures and accessory buildings already existing thereon and to be erected, each properly indicated, and such other information as may be necessary to determine and provide for the enforcement of this ordinance. * * * Fees. Upon the filing of such papers, the applicant shall pay to the Building Inspector the following fees * * * B. Two (2) or more family residence, commercial construction, accessory construction, industrial construction and all other building permits: A fee of ten dollars ($10.) for the first one thousand dollars ($1,000.) of construction cost, and a fee of five dollars ($5.) for every additional one thousand dollars ($1,000.) of construction cost or fraction thereof; C. Maximum building permit fee for any building permit shall be one thousand dollars ($1,000.)." We are of the opinion that the above ordinance is ambiguous and must be judicially interpreted. It does not make clear whether one building permit is required for each building or for any number of buildings to be built on one lot for which one set of plans is submitted. The ambiguity is compounded by section 55-46 which defines "lot" as "any parcel of land occupied, or capable of being so occupied, by one building * * *." However, we are also of the opinion that the proper interpretation to be given the ordinance is that a separate building permit is required for each principal building. The purpose of applying for a building permit is to enable village authorities to make a determination of whether the proposed building complies with relevant zoning ordinances and building codes. A proper determination of whether there is such conformity requires that each building in a building complex be separately examined, from the planning stage through completion of construction. Although there may be some duplication of effort where the buildings are essentially similar, the expense involved will normally be multiplied in proportion to the number of structures involved, especially where each structure is a self-contained unit, as in the case of a garden apartment complex. At the trial it was stipulated that for the first nine months of the fiscal year starting in 1966, the year in which the fees in question were collected, the actual expenses of the Suffern Building Department were $5,104.19, while its receipts from fees was $15,356.50. The amount of a building permit fee should bear a direct relation to the cost of the government service involved (2 Rathkopf, Law of Zoning and Planning, p. 55-15, § 6). The village does not have the power to impose a tax under the guise of a license or permit (*Dugan Bros.* v. *Zorn,* 145 Misc. 611) and, where it is shown that receipts from permit fees far exceed the cost of administering the ordinance, the initial conclusion to be drawn is that the fee is in reality a tax (cf. *Daniels* v. *Borough of Point Pleasant,* 23 N. J. 357). In the case before us, the stipulation as to the costs and receipts for the nine-month period is not conclusive to show that the correct interpretation of the statute has resulted and will result in a large disparity between costs and receipts. Furthermore, there has been no showing that there are any additional costs, other than those of the Building Department, which are allocable to the regulation of construction under the zoning ordinance and building code. Additionally, there has been no showing as to the purpose, if any, of having fees exceed costs (cf.

*Daniels* v. *Borough of Point Pleasant, supra,* wherein it was admitted that the purpose was to produce additional income for the locality). Nevertheless, we are of the opinion that, by showing that fees did exceed costs by 200%, plaintiff has advanced sufficient proof to overcome the presumption of validity which attaches to an ordinance of a municipality and has shown, prima facie, that the village has exceeded its power by charging for a service in an amount far in excess of the cost of the service. A new trial should be held upon which further proof should be adduced showing whether in fact the correct interpretation of the statute will consistently produce a substantial excess of building permit fees above the costs of administering the ordinance and building code, whether there are any additional costs suffered by other agencies of the local government in administering the ordinance and building code, and whether there is any intent on the part of the village to use the ordinance as an income-producing device or whether any excess is merely incidental to the regulatory aspect of the ordinance. With respect to the village's cross appeal, we note that the judgment made no disposition of the counterclaims, that no mention was made thereof in the trial court's opinion, and that there is no indication in the trial minutes that any such disposition was ever made. The counterclaims may be pressed by the village upon the new trial. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.