Jones, J.
 

 We hold that there is no constitutional infirmity in the Legislature’s delegation to a town in which there is an incorporated village which forms a separate road district, of authority to impose town highway taxes on real property which
 
 *620
 
 lies within the village. Nor is it constitutionally objectionable that the Legislature hás also delegated an associated discretionary authority to the town board in such a situation to exempt village property from certain items of such highway tax.
 

 Section 141 of the Highway Law directs the town superintendent of highways annually to make a written statement of the amount which should be raised by town taxes for the ensuing year and in such statement to specify projected expenditures in four categories: (1) for general repair and improvement of highways; (2) for repair and construction of bridges having a span of five feet or more; (3) for machinery and tools; and (4) for snow removal and other miscellaneous purposes. Prior to 1959, real property located in an incorporated village which formed a separate road district and wherein the roads and streets were maintained at the expense of the village, was exempt from highway taxes levied by the town under section 267 of the Highway Law for expenditures in category (1) of section 141; there was no exemption, however, with respect to town taxes levied to cover expenditures in categories (2), (3) or (4) of section 141 (Highway Law, § 277 prior to amendment by L. 1959, ch. 847, e.g., L. 1936, ch. 63, § 277). In 1959 the Legislature by amendment of section 277 authorized the town board in a town of the first class in its discretion in such a situation to exempt village property from highway taxes levied for expenditures in categories (3) and (4) of section 141. No corresponding exemption authority was granted at that time with respect to towns of the second class. (L. 1959, ch. 847.) Then in 1963 the discretionary exemption authority was extended to all towns (L. 1963, ch. 735).
 

 The Incorporated Village of New Paltz lies within the Town of New Paltz in the County of Ulster. The village forms a separate road district and thus, in addition to the category (1) statutory exemption, was eligible for the discretionary exemption benefits of section 277. The village accordingly submitted a request to the town board to exempt village property from the levy and collection of taxes for expenditures in categories (3) and (4) of the town highway budget.
 
 [1]
 
 When the town board
 
 *621
 
 failed to grant suc-h exemption, petitioner, as Mayor of the village and as an individual resident and taxpayer, brought the present proceeding seeking relief in the alternative — a determination that section 277 required the town board to grant the exemption requested, or a determination that, if the authority to grant such exception were permissive only, the grant of such discretionary authority was unconstitutional.
 

 Special Term, characterizing the action as one under OPLR article 78 for a direction to the town board to exempt village property from taxes with respect to expenditure categories (3) qnd (4), held that relief in the nature of mandamus could not be invoked to command the exercise by the town board of what was a discretionary power, and that article 78 did not encompass the alternative relief sought by way of a general declaration of rights. Special Term then construed the petition “ as addressed to a specific determination, that is, as challenging the constitutional validity of the tax levy itself, made following a demand for exemption The court then denied the petition, so construed, on the merits on the ground that there was no basis for the constitutional attack.
 

 The Appellate Division, also considering the action as one under article 78 to compel the town board to grant the exemption or alternatively to declare section 277 unconstitutional, affirmed, holding that the town board’s decision not to grant the exemption was a legislative act not reviewable in an article 78 proceeding
 
 (Matter of Lakeland Water Dist.
 
 v.
 
 Onondaga County Water Auth.,
 
 24 N Y 2d 400, 407) and agreeing that section 277 is not unconstitutional.
 

 To enable us to make what we conceive to be the type of adjudication contemplated by appellant (although not of the substantive content which he seeks), pursuant to OPLR 103 (subd. [c]) we now convert the present proceeding into an action for a declaratory judgment
 
 (Matter of Lakeland Water Dist.
 
 v.
 
 Onondaga County Water Auth., supra,
 
 at pp. 408-409). With the proceeding so transformed we then declare, in response to petitioner’s prayer for relief, that section 277 does not command the town board to grant the desired exemption and that section 277 so interpreted is not unconstitutional.
 

 
 *622
 
 Whether to grant such an exemption in whole or in part rests in the discretion of the town board by unmistakable provision of section 277. We can read the statute in no other way.
 
 [2]
 

 We further conclude that the delegation to the town board of authority to impose highway taxes on property within the village for expenditures in categories (2), (3) and (4) of section 141 was not unconstitutional, nor was it made so by the related delegation of discretionary authority in section 277 to grant exemptions as to selected items of expenditures in categories (3) and (4).
 
 [3]
 

 We observe that the Legislature itself denied any exemption at all with respect to category (3) and (4) expenditures prior to April 24,1959 when chapter 847 of the Laws of 1959 became effective. Thereafter until 1963 no such exemption was granted to towns of the second class. The legislation was the result, as is so often the case, of an accommodation of competing interests — here those of the towns and of the villages (N. Y. Legis. Doc., 1957, No. 25, p. 19; N. Y. Legis. Doc., 1959, No. 13, p. 26). Appellant apparently would argue that the Legislature could not now constitutionally return to either of such situations.
 
 [4]
 

 
 *623
 
 As we stated recently in
 
 Matter of Association of Bar of City of N. Y.
 
 v.
 
 Lewisohn
 
 (34 N Y 2d 143, 156) “ [t]he State has great freedom in selecting the subjects of taxation and in granting exemptions * * * if any state of -facts reasonably may be conceived to justify a particular classification or exemption from taxation, it must be upheld ”. (Cf.
 
 McDonald
 
 v.
 
 Board of Election,
 
 394 U. S. 802, 809;
 
 McGowan
 
 v.
 
 Maryland,
 
 366 U. S. 420, 426.)
 

 We note, our holding in
 
 O ’Flynn
 
 v.
 
 Village of East Rochester
 
 (292 N. Y. 156, 165-166) that the appropriateness of a fax is not to be tested by the measure of benefit derived by an individual taxpayer. In any event, as a practical matter and as observed at the Appellate Division, the maintenance of town highways outside a village does benefit the village itself.
 

 The present system of allocation of taxing powers between towns and villages, which has evolved over a period of legislative history and of which the tax-exemption pattern here under review is a part, serves several legitimate purposes. Adequate revenue base is assured, particularly in instances in which a disapproportionate ratio of the taxable real property is situated within the village, and it cannot be denied, however categorically one might wish to view village boundaries, that villages benefit indirectly, if not directly, from town services. Economic incentive is provided to transfer municipal functions to the larger town units, thus opening opportunity for efficiency and economy with consequent reduction in tax burden. Provision for flexibility permits towns and villages to reach accommodations as to respective tax responsibilities fitting to the local situation.
 

 We have consistently held that legislative judgment as to taxing statutes will be upheld if reasonable
 
 (Farrington
 
 v.
 
 Pinckney,
 
 1 N Y 2d 74;
 
 Matter of 436 W. 34th St. Corp.
 
 v.
 
 McGoldrick,
 
 288 N. Y. 346). As we said in another context,
 
 “
 
 In determining whether statutory requirements are arbitrary, unreasonable or discriminatory, it must be borne in mind that
 
 *624
 
 the choice of measures is for the legislature, who are presumed to have investigated the subject, and to have acted with reason, not from caprice ”
 
 (People
 
 v.
 
 Griswold,
 
 213 N. Y. 92, 96-97). We now affirm such standards and conclude that there is no sufficient basis here for any determination that section 277 involves either an impermissible delegation of authority or an unreasonable tax policy.
 

 The case_ should therefore be remanded to Supreme Court for the entry of a judgment in accordance with this opinion declaring that section 277 grants discretionary authority to town boards to exempt village properties in appropriate situation from town highway taxes for expenditures in categories (3) and (4) of section 141 and that as so construed it is constitutional.
 

 Chief Judge Breited and Judges Jasen, Gabrieldi, Wachtler, Babin and Stevens concur.
 

 Order modified, with costs to respondent, and case remitted to Supreme Court, Ulster County, for entry of a judgment in accordance with the opinion herein and, as so modified, affirmed.
 

 [1]
 

 . No issue has heen raised in this ease with reference to exemption as to taxes with respect to expenditures in category (2).
 

 [2]
 

 . We note that appellant does not contend that, if the discretionary power to exempt was validly granted to the town board, there was in this instance an abuse on the part of the town board in failing to grant the exemption. Nor is there any evidence to support such a contention.
 

 [3]
 

 . Taken literally, petitioner’s contention that section 277 is unconstitutional would appear to lead nowhere from his standpoint. The only authority to grant the exemption desired by the village is to -be found in section 277. Were that section to be stricken down, there would remain no predicate for any exemption, and the imposition on village property of town highway taxes in expenditure categories (2), (3) and (4). of section 141 would proceed uninhibited. We think that appellant’s argument, reasonably distilled, however, is that if, by reading sections 141 and 277 together, the town board is held to have discretionary authority to impose town highway taxes to cover expenditures by the town in categories (3) and (4), the grant of such authority is unconstitutional. In other words, appellant asserts that, as the Legislature has mandated the exemption of village property from town highway taxes for expenditures in category (1), such property must also be exempted from taxes for category (3) and (4) expenditures.
 

 [4]
 

 . No argument that appellant now makes revolves about any contention that the asserted constitutional infirmity turns on the circumstance that the discretionary taxing authority has been delegated by the Legislature, i.e., that, while
 
 *623
 
 the Legislature itself in its wisdom could have' acted to impose the alleged duplicative taxes, it could not delegate such power to the town board. Nor would any such contention, if made, withstand scrutiny (N. Y. Const., art. XVI, § 1;
 
 County Securities
 
 v.
 
 Seacord,
 
 278 N. Y. 34).