■ TOWN OF BROOKHAVEN, Appellant, v RONKOMA REALTY CORP., Respondent.—In an action, *inter alia,* to enjoin the defendant from using its property in violation of Town of Brookhaven Code § 30-183 (A) (since renum § 30-140 [B]), the Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 19, 1988, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant is the owner of the Ronkonkoma Inn, a structure designated as a multiple residence facility pursuant to Town of Brookhaven Code § 30-180. Town of Brookhaven Code § 30-140 (B) (formerly § 30-183 [A]) provides that the owner of such a facility must, on an annual basis, obtain a permit from the Division of Fire Prevention to operate the facility. To obtain the necessary permit, however, the owner of a multiple residence facility must submit to a physical inspection of the premises (Town of Brookhaven Code § 30-11 [B]) by the Chief Fire Marshal or by any marshal of the Division of Fire Prevention (Town of Brookhaven Code § 30-7). Thus, pursuant to the above provisions, to obtain the necessary permit the owner of a multiple residence facility must submit to a compulsory physical inspection. Violators are subject to fines of up to $500 and imprisonment for up to six months for each day their facility is permitted to operate without a town permit (Town of Brookhaven Code § 30-16 [A]). The defendant has allegedly operated its facility since January of 1987 without obtaining a permit. The Town of Brookhaven commenced the instant action to compel compliance with the aforemen-

tioned sections of the Town of Brookhaven Code. The Supreme Court awarded summary judgment to the defendant, holding unconstitutional those sections of the Town of Brookhaven Code which require a warrantless inspection of the premises. We affirm.

Contrary to the contention of the Town of Brookhaven, the instant case falls squarely within the holding of *Sokolov v Village of Freeport* (52 NY2d 341). As in that case, the ordinance at bar compels the owner of residential rental property to submit to a warrantless search. However, in so doing, the ordinance violates a property owner's right to be free from unreasonable searches as guaranteed by the Fourth Amendment to the US Constitution *(see, Camara v Municipal Ct.,* 387 US 523; *See v City of Seattle,* 387 US 541). Accordingly, the Town of Brookhaven may not compel the defendant to submit to a warrantless physical inspection of its premises, nor may it penalize the defendant for failing to comply with the permit requirements of the Town Code. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.