■ KENCAR ASSOCIATES, LLC, Appellant, v TOWN OF KENT, Respondent. [812 NYS2d 587]—

In an action for reimbursement of a fee paid for an engineering inspection as a condition of subdivision approval, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), entered January 10, 2005, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Upon granting subdivision approval to the plaintiff real estate developer, the defendant, Town of Kent, required the plaintiff to post a performance bond and pay a nonrefundable fee, consisting of four percent of the performance bond amount, to cover the costs of having the subdivision site inspected by the Town's engineer during construction. The plaintiff commenced this action for reimbursement of the inspection fee. The plaintiff subsequently moved for summary judgment, and the Supreme Court denied the motion.

A fee charged by a municipality in connection with the exercise of powers delegated to it by the Legislature must be "reasonably necessary to the accomplishment of the statutory command," may not be "open-ended" or potentially unlimited, and must be "assessed or estimated on the basis of reliable factual studies or statistics" (*Jewish Reconstructionist Syna-*

gogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 163 [1976] [internal quotation marks omitted]). The evidence presented by the plaintiff in support of its motion for summary judgment failed to demonstrate that the Town incurred the expense of having the site inspected by its engineer on the basis of convenience rather than necessity (*see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, supra* at 165). Since the inspection fee was fixed at four percent of the amount of the performance bond, the plaintiff also failed to show that the fee was open-ended (*cf. Cimato Bros. v Town of Pendleton,* 237 AD2d 883, 885 [1997]). Finally, the plaintiff adduced no evidence regarding the method by which the inspection fee was assessed or estimated, and thus failed to make a prima facie showing that the fee was not based on reliable factual studies or statistics (*see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, supra* at 163; *see also Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 621 [1979]).

Thus, the plaintiff failed to meet its burden of "mak[ing] a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see Wolff v New York City Tr. Auth.,* 21 AD3d 956 [2005]). Accordingly, the plaintiff's motion was properly denied, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr., supra* at 853; *see South v K-Mart Corp.,* 24 AD3d 748 [2005]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.