Second Department, January, 2012

(January 10, 2012)

ATM One, LLC, et al., Appellants, v Incorporated Village of Hempstead et al., Respondents. [936 NYS2d 263]—

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, upon searching the record, summary judgment is awarded to the plaintiffs declaring that chapter 106 of the Code of the Village of Hempstead is unconstitutional, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that chapter 106 of the Code of the Village of Hempstead is unconstitutional.

The plaintiffs are property owners and landlords of real property located in the Incorporated Village of Hempstead (hereinafter the Village). In 2009, the Village, by its Board of Trustees, enacted a local law (Local Law No. 1 [2009] of Village of Hempstead, as amended by Local Law No. 3 [2009] of Village of Hempstead), which required registration of each rental dwelling unit in the Village and a "rental occupancy permit" for each rental dwelling unit (Code of Village of Hempstead [hereinafter Village Code] § 106-3). Codified as chapter 106 of the Village Code, the law (hereinafter chapter 106) requires a site inspection of "each rental dwelling unit": "The Superintendent of the Building Department or his or her delegate shall review each application for completeness and accuracy and shall make an on-site inspection of the proposed rental dwelling unit or units" (Village Code § 106-6). With respect to property other than a one-to-four-family home, the law also requires the owner to provide, before a permit or renewal may be issued, "certification from a licensed architect or a licensed professional engineer that the property which is the subject of the application is in compliance with all of the provisions of the Code of the Village of Hempstead, the laws and sanitary and housing regulations of the County of Nassau and the laws of the State of New York" (Village Code § 106-10 [C]). The plaintiffs, who are owners or landlords of rental dwelling units in the Village, commenced this action seeking injunctive relief and a declaration that chapter 106 is unconstitutional. The defendants moved, among other things, in effect, for summary judgment declaring that chapter 106 is constitutional. The Supreme Court granted the defendants' motion, and the plaintiffs appeal. We reverse.

Legislative enactments are entitled to an "exceedingly strong presumption of constitutionality" (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]; *see American Ind. Paper Mills Supply Co., Inc. v County of Westchester*, 65 AD3d 1173, 1175 [2009]; *Arrowsmith v City of Rochester*, 309 AD2d 1201 [2003]), but that presumption is rebuttable. In *Sokolov v Village of Freeport* (52 NY2d 341 [1981]), the Court of Appeals examined a local ordinance that required rental permits similar to those required by the Village here. That ordinance, like the one at bar, required site inspections and certifications before a permit or renewal could be issued. The Court declared that "[i]t is beyond the power of the State to condition an owner's ability to engage his property in the business of residential rental upon his forced consent to forego certain rights guaranteed to him under the Constitution" (*id.* at 346), and it held that the ordinance was unconstitutional "insofar as it effectively authorizes and, indeed, requires a warrantless inspection of residential real property" (*id.*). By contrast, in *Pashcow v Town of Babylon* (53 NY2d 687 [1981]), the Court held that the rental permit ordinance at issue there was not unconstitutional on its face. The ordinance in *Pashcow*, however, unlike the ordinance at issue here, did not expressly require such an inspection before the issuance or renewal of a permit.

Chapter 106 suffers from the same defect as the law at issue in *Sokolov* and, therefore, is unconstitutional on its face (*see Sokolov v Village of Freeport*, 52 NY2d at 345-346; *Town of Brookhaven v Ronkoma Realty Corp.*, 154 AD2d 665, 666 [1989]). Thus, the defendant's motion is denied, and we search the record and award the plaintiffs summary judgment declaring that chapter 106 is unconstitutional (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]).

In light of our determination, we do not reach the parties' remaining contentions.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that chapter 106 of the Code of the Village of Hempstead is unconstitutional (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.