■ BOARD OF MANAGERS OF THE DIVINE GRACE CONDOMINIUM, Respondent, v TI YING YAN, Also Known as TI YANG YAN, et al., Appellants, et al., Defendants. [46 NYS3d 75]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 14, 2015, which denied defendants-appellants' (defendants) motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion to the extent of granting summary judgment on liability against defendants

and directing the parties to proceed to trial on damages, unanimously modified, on the law, to deny plaintiff's cross motion for summary judgment on liability as against defendant Golden Key Management Corp., and otherwise affirmed, without costs.

Plaintiff, a condominium's board of managers, commenced this action to recover unpaid common charges applicable to a unit in a building owned by defendant Ti Ying Yan. The check eventually tendered to plaintiff with instructions stating that it was to be applied to common charges for the unit did not clearly inform plaintiff that accepting the amount offered would settle or discharge the total amount allegedly due so as to constitute an accord and satisfaction (*see Merrill Lynch Realty/ Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]). Because there was no accord and satisfaction; because defendants acknowledged that Yan failed to pay common charges for four years; and because Yan's eventual tender was only for base common charges without payment for interest, late fees, or attorneys' fees that plaintiff was entitled to pursuant to the condominium's bylaws, Supreme Court correctly granted plaintiff summary judgment on liability as against Yan. However, plaintiff was not entitled to summary judgment on liability as against Golden Key, Yan's managing agent, because Golden Key's interest in the unit is unclear.

Defendants' arguments regarding damages are premature, given that a trial on damages has not yet occurred. Concur— Friedman, J.P., Renwick, Saxe and Gische, JJ.