C. Williams Realty, Inc., Plaintiff-Respondent, 
against
Richard R. Russo and Rosanna Szabarura, Defendants-Appellants.



Defendants appeal from an order of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.), entered March 21, 2016, which granted plaintiff's motion for summary judgment and denied defendants' cross motion to compel plaintiff to furnish an accounting.




Per Curiam.
Order (Donald A. Miles, J.), entered March 21, 2016, modified by severing defendants' counterclaims to the extent said counterclaims seek money damages; as modified, order affirmed, without costs.
Plaintiff's motion for summary judgment on the complaint was correctly granted. The undisputed evidence submitted establishes that plaintiff, a licensed real estate broker, was the procuring cause of the sale of defendants' property, and that the balance of commissions due plaintiff pursuant to the parties' written broker's agreement is $16,800 (see NRT NY, LLC v Laffey, 103 AD3d 861 [2013]). No triable issue was raised by defendants on their defense of accord and satisfaction. Defendants failed to establish that plaintiff was clearly informed that acceptance of a check for less than the full amount of commissions owed would settle or discharge the total claim (see Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]; Board of Mgrs. of the Divine Grace Condominium v Ti Ying Yan, 146 AD3d 734 [2017]).
The underlying motion and cross motion made no request for relief with regard to defendants' counterclaims, which are unrelated to plaintiff's claim, and the order appealed from made no disposition of the counterclaims. Thus, the counterclaims remain pending and are severed (see Ishaq v Batra, 212 AD2d 510, 512 [1995]; Bon Air Estates v Village of Suffern, 32 AD2d 921, 923 [1969]). Nor is there any basis to stay the entry of judgment on plaintiff's claim until the counterclaims are resolved (see 3212[e][1]; Santoiemmo v Syracuse Paper & Twine Co., 52 AD2d 721 [1976], lv denied 39 NY2d 709 [1976]).
Defendants' cross motion, insofar as it seeks to compel plaintiff to prepare and furnish an [*2]accounting with respect to its management of the underlying building, was properly denied. Even accepting defendants' contention that their request for an accounting is part of the discovery process, and not a request for equitable relief, a party seeking discovery cannot compel the creation of a nonexistent writing on the theory that its manufacture may constitute material and necessary evidence (see Jonassen v A.M.F., Inc., 104 AD2d 484, 486 [1984]). Our disposition is without prejudice to defendants' service of proper discovery demands related to the counterclaims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 22, 2017