Infinite Green, Inc. v Town of Babylon (2022 NY Slip Op 00407)





Infinite Green, Inc. v Town of Babylon


2022 NY Slip Op 00407


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-00182
 (Index No. 602914/17)

[*1]Infinite Green, Inc., respondent, 
v
Town of Babylon, et al., appellants.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellants.
Edward S. Raskin, Deer Park, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the Code of the Town of Babylon chapter 153, article I, is unconstitutional and for injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 16, 2018. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the first cause of action, for a judgment declaring that the Code of the Town of Babylon chapter 153, article I, is unconstitutional and to permanently enjoin the defendants from enforcing the Code of the Town of Babylon chapter 153, article I, to the extent that it required the plaintiff to either submit to an inspection by a Town of Babylon building inspector or to produce a certificate of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the first cause of action, for a judgment declaring that the Code of the Town of Babylon chapter 153, article I, is unconstitutional and to permanently enjoin the defendants from enforcing the Code of the Town of Babylon chapter 153, article I, to the extent that it required the plaintiff to either submit to an inspection by a Town of Babylon building inspector or to produce a certificate of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit is denied, and, upon searching the record, summary judgment is awarded to the defendants on that cause of action, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment, inter alia, declaring that the Code of the Town of Babylon chapter 153, article I, to the extent that it required the plaintiff to either submit to an inspection by a Town of Babylon building inspector or to produce a certificate of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit, does not violate the provisions against unreasonable searches and seizures of the United States Constitution or the New York Constitution.
The plaintiff owns real property located in the defendant Town of Babylon. In 2014, the senior zoning inspector of the Town accused the plaintiff of violating the Town's rental permit law, codified at chapter 153 of the Code of the Town of Babylon (hereinafter Town Code), which requires property owners to obtain a rental permit for any non-owner occupied rental unit regardless of whether or not rent is paid (see Town Code § 153-2). At that time, the law provided: "Prior to [*2]the issuance of any such permit or renewal thereof, the property owner shall provide a certification from a licensed professional engineer or a Town building inspector that the property which is the subject of the application is in compliance with all the provisions of the Code of the Town of Babylon, the laws and sanitary and housing regulations of the County of Suffolk and the laws of the State of New York" (Town Code former § 153-6[B]). An owner is subject to criminal penalties for violating the rental permit law (see Town Code § 153-7).
The plaintiff commenced this action alleging, inter alia, that the law was unconstitutional because it required the plaintiff to consent to a warrantless inspection of its property as a precondition to the issuance of a rental permit. The plaintiff moved for summary judgment on the first cause of action and sought to enjoin the defendants from enforcing the law to the extent that it required the plaintiff to either submit to an inspection by a Town building inspector or provide a certification of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit. The Supreme Court, among other things, granted the motion. The defendants appeal.
Legislative enactments are entitled to an "exceedingly strong presumption of constitutionality" (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11; see Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 838, 841; Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894). Local laws and ordinances of municipalities are "'cloaked with the same strong presumption of constitutionality as a statute'" (Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d at 841, quoting Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894; see Lighthouse Shores v Town of Islip, 41 NY2d at 11). "While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality" (Lighthouse Shores v Town of Islip, 41 NY2d at 11).
It is well-settled that "the imposition of a penalty upon a landlord for renting his [or her] premises without first consenting to a warrantless search violates the property owner's Fourth Amendment rights" (Sokolov v Village of Freeport, 52 NY2d 341, 343; see Pashcow v Town of Babylon, 53 NY2d 687, 688; ATM One, LLC v Incorporated Vil. of Hempstead, 91 AD3d 585, 587). Here, however, the Town's rental permit law does not "expressly require . . . an inspection before the issuance or renewal of a permit" (ATM One, LLC v Incorporated Vil. of Hempstead, 91 AD3d at 587), since a property owner who is applying for a rental permit has the option of obtaining a certification from a state-licensed professional engineer in lieu of submitting to an inspection by a Town building inspector (see Town Code former § 153-6[B]). Accordingly, the provisions did not violate constitutional provisions against unreasonable searches and seizures (see Mamakos v Town of Huntington, 715 Fed Appx 77 [2d Cir mem]; Marcavage v Borough of Lansdowne, Pennsylvania, 493 Fed Appx 301 [3d Cir]).
Contrary to the plaintiff's contention and the finding of the Supreme Court, the option of an inspection by a state-licensed professional engineer does not render the rental permit law unconstitutional on its face merely because a professional engineer is licensed by the State (see Education Law § 7206). A professional licensed by the State is not necessarily employed by the State or an agent of the State (see Waters v State, 320 Md 52, 575 A 2d 244; see also Jackson v Metropolitan Edison Co., 419 US 345), and in this situation, would be retained by the property owner.
Accordingly, the Supreme Court should have denied the plaintiff's motion, and we search the record and award the defendants summary judgment declaring that the Town Code chapter 153, article I, to the extent that it required the plaintiff to either submit to an inspection by a Town of Babylon building inspector or to produce a certificate of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit, does not violate provisions against unreasonable searches and seizures of the United States Constitution and the New York Constitution.
We note that the first cause of action is the only cause of action before this Court on [*3]this appeal.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the Town Code chapter 153, article I, to the extent that it required the plaintiff to either submit to an inspection by a Town of Babylon building inspector or to produce a certificate of compliance after an inspection by a state-licensed professional engineer as a condition of the issuance of a rental permit, does not violate the provisions of the United States Constitution or the New York Constitution against unreasonable searches and seizures (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court