Falk v Nassau County (2023 NY Slip Op 01983)

Falk v Nassau County

2023 NY Slip Op 01983

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-05384
 (Index No. 600868/17)

[*1]Jeffrey P. Falk, etc., respondent,
v
Nassau County, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Jackie L. Gross and Samantha A. Goetz of counsel), for appellants.
McLaughlin Stern, LLP, New York, NY (Jason S. Giaimo and Less S. Shalov of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the defendants appeal from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered July 23, 2020. The judgment, insofar as appealed from, upon an order of the same court entered March 11, 2020, inter alia, denying that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as sought declaratory relief and granting the plaintiff's cross-motion for summary judgment on so much of the first cause of action as sought declaratory relief, is in favor of the plaintiff and against the defendants declaring that "the County's current fee associated with issuing a Tax map Certification Letter (a 'TMCL') is excessive and not tied [to] the County's responsibility to maintain its property registry."
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In November 2016, the plaintiff allegedly purchased a home in Nassau County, and paid the sum of $1,225 to record his deed and mortgage on the property, which included fees in the total sum of $450 to obtain two tax map certification letters from the County Clerk as required under Nassau County Administrative Code § 6-33.0. In January 2017, the plaintiff commenced this putative class action against the County and the Nassau County Department of Assessments, seeking, inter alia, a judgment declaring that the fees imposed pursuant to Nassau County Administrative Code § 6-33.0 are excessive and not reasonably necessary to accomplish the defendants' responsibility to maintain the County's property registry. Thereafter, the defendants moved, among other things, for summary judgment dismissing so much of the first cause of action as sought that declaratory relief, and the plaintiff cross-moved for summary judgment on so much of the first cause of action as sought that declaratory relief. In an order entered March 11, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion and granted the plaintiff's cross-motion. On July 23, 2020, the court entered a judgment in favor of the plaintiff and against the defendants, among other things, declaring that "the County's current fee associated with issuing a Tax map Certification Letter (a 'TMCL') is excessive and not tied [to] the County's responsibility to maintain its property registry." The defendants appeal.
"Municipalities and administrative agencies engaged in regulatory activity can assess fees that need not be legislatively authorized as long as 'the fees charged [are] reasonably necessary to the accomplishment of the regulatory program'" (Matter of Walton v New York State Dept. of Corr. Servs., 13 NY3d 475, 485, quoting Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613, 619; see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, [*2]40 NY2d 158, 163; Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d 461, 465). However, "[f]ees cannot be charged to generate revenue or to offset the cost of other governmental functions" (Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Only legislative bodies have the power to impose taxes (see NY Const, art III, § 1), which are exacted from citizens to "defray the general costs of government unrelated to any particular benefit received by that citizen" (Matter of Walton v New York State Dept. of Corr. Servs., 13 NY3d 475, 485). "Without the safeguard of a requirement that fees bear a relation to average costs, a [municipality] would be free to incur, in the individual case, not only necessary costs but also any which it, in its untrammeled discretion, might think desirable or convenient, no matter how oppressive or discouraging they might in fact be for applicants" (Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d at 163).
Here, the plaintiff established, prima facie, that the fees imposed pursuant to Nassau County Administrative Code § 6-33.0 were excessive and improper, as they were exacted for general revenue purposes and not tied to the County's obligation to maintain its property registry (see New York Tel. Co. v City of Amsterdam, 200 AD2d 315, 318; Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d at 464-465). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on so much of the first cause of action as sought declaratory relief, denied that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the first cause of action as sought declaratory relief, and entered a judgment declaring that "the County's current fee associated with issuing a Tax map Certification Letter (a 'TMCL') is excessive and not tied [to] the County's responsibility to maintain its property registry."
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court