Cella v Suffolk County (2023 NY Slip Op 05387)

Cella v Suffolk County

2023 NY Slip Op 05387

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2021-01187
 (Index No. 620580/17)

[*1]Elizabeth Cella, et al., appellants,
v
Suffolk County, respondent.

Government Justice Center, Inc., Albany, NY (Cameron J. Macdonald of counsel), for appellants.
Stagg Wabnik Law Group LLP, Garden City, NY (Thomas E. Stagg of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated December 31, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the cause of action for declaratory relief and granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for declaratory relief, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
In October 2017, the plaintiffs, who all own real property located in Suffolk County, commenced this putative class action against the County, alleging that the fees imposed by the County Clerk for tax map verifications performed by the Real Property Tax Service Agency (hereinafter the Agency) were illegal unauthorized taxes. The fees, which are required under Suffolk County Administrative Code § A18-3(G), were increased in 2015 and 2016 from $60 per real estate parcel to $200 per real estate parcel, with an additional $300 fee for verifications on certain mortgage documents. The plaintiffs sought, inter alia, a refund of the tax map verification fees that were already paid, as well as a judgment declaring that the tax map verification fees were unlawful, invalid, and unenforceable.
In April 2018, the plaintiffs moved for summary judgment on the cause of action for declaratory relief and, in August 2018, the County moved pursuant to CPLR 3211(a) to dismiss the complaint. By order dated December 31, 2020, the Supreme Court denied the plaintiffs' motion and granted the County's motion. The plaintiffs appeal.
"Municipalities and administrative agencies engaged in regulatory activity can assess fees that need not be legislatively authorized as long as 'the fees charged [are] reasonably necessary to the accomplishment of the regulatory program'" (Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 485, quoting Suffolk County Bldrs. Assn. v County of Suffolk, 46 [*2]NY2d 613, 619; see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 163; Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d 461, 465). However, "[f]ees cannot be charged to generate revenue or to offset the cost of other governmental functions" (Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 58). "Without the safeguard of a requirement that fees bear a relation to average costs, a [municipality] would be free to incur, in the individual case, not only necessary costs but also any which it, in its untrammeled discretion, might think desirable or convenient, no matter how oppressive or discouraging they might in fact be for applicants" (Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d at 163).
Here, the plaintiffs established, prima facie, through the submission of budget figures, that the tax map verification fees imposed by the County were not reasonably necessary to the accomplishment of the tax map verification process and were used to defray the general cost of government (see American Ins. Assn. v Lewis, 50 NY2d 617, 622-623; Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d at 464; Bon Air Estates v Village of Suffern, 32 AD2d 921, 922-923). However, in opposition, the County raised a triable issue of fact regarding certain expenses incurred by the Agency in the performance of its tax map verification function that were not listed in the budgets submitted by the plaintiffs (see Orange & Rockland Util. v Town of Clarkstown, 80 AD2d 846, 847). Thus, the Supreme Court correctly denied the plaintiffs' motion for summary judgment on the cause of action for declaratory relief.
However, the Supreme Court should have denied that branch of the County's motion which was to dismiss the cause of action for declaratory relief pursuant to CPLR 3211(a)(7). On a motion to dismiss a complaint pursuant to CPLR 3211, "[w]e accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). Contrary to the County's contention, the tax map verification fees were not expressly authorized by the State Legislature through the 2019 revisions to CPLR 8019 and 8021. A tax is exacted from a citizen to "defray the general costs of government unrelated to any particular benefit received by that citizen" (Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d at 485). "The State Constitution vests the taxing power in the state legislature and authorizes the legislature to delegate that power to local governments" (Expedia, Inc. v City of N.Y. Dept. of Fin., 22 NY3d 121, 126; see NY Const, art XVI, § 1). "'[T]he delegation of any part of [the] power [of taxation] to a subdivision of the State must be made in express terms,' and the delegation of any form of taxation authority 'cannot be inferred'" (Boening v Nassau County Dept. of Assessment, 157 AD3d 757, 759, quoting County Sec. v Seacord, 278 NY 34, 37). "The legislature must describe with specificity the taxes authorized by any enabling statute. In turn, local governments can only levy and collect taxes within the expressed limitations of specific enabling legislation" (County of Nassau v Expedia, Inc., 189 AD3d 1346, 1348 [citations omitted]).
Here, while the revisions to CPLR 8019 and 8021 reference the County's authority to collect tax map verification fees (see CPLR 8019[a], 8021[f][1][b]), the revisions do not provide an express delegation of taxing authority, nor do they provide for a review mechanism, as is constitutionally required (see NY Const, art XVI, § 1; Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie, 81 NY2d 574, 580).
The Supreme Court properly granted that branch of the County's motion which was to dismiss the cause of action seeking a refund of tax map verification fees that were already paid since the plaintiffs did not adequately allege that they made the payments under a formal protest or duress (see Video Aid Corp. v Town of Wallkill, 85 NY2d 663, 667; City of Rochester v Chiarella, 58 NY2d 316, 323).
Accordingly, we modify the order so as to deny that branch of the County's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for declaratory relief.
The plaintiffs' remaining contention need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court