Matter of WG Woodmere, LLC v Nassau County Planning Commn. (2024 NY Slip Op 04269)

Matter of WG Woodmere, LLC v Nassau County Planning Commn.

2024 NY Slip Op 04269

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-06879
 (Index No. 605035/19)

[*1]In the Matter of WG Woodmere, LLC, et al., appellants,
v
Nassau County Planning Commission, et al., respondents.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag, Samantha A. Goetz, and Ian Bergstrom of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for a judgment declaring, inter alia, that a schedule of filing fees for subdivision applications imposed pursuant to Nassau County Ordinance No. 46-2009, as amended by Nassau County Ordinance No. 176-2015, is illegal and unenforceable, the petitioners/plaintiffs appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered September 15, 2021. The order denied the petitioners/plaintiffs' motion for summary judgment on the petition/complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the petitioners/plaintiffs' motion which was for summary judgment on the causes of action seeking relief pursuant to CPLR article 78 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The petitioners/plaintiffs are the owners of an approximately 117-acre golf course located in the Woodmere area of the respondent/defendant County of Nassau. In December 2018, the petitioners/plaintiffs submitted to the respondent/defendant Nassau County Planning Commission (hereinafter the Planning Commission) a major subdivision application to subdivide the property into 285 lots for the proposed development and construction of single-family houses. The petitioners/plaintiffs were required to pay certain filing fees associated with their subdivision application to the Planning Commission and the respondent/defendant Nassau County Department of Public Works (hereinafter DPW) pursuant to a schedule of filing fees imposed pursuant to Nassau County Ordinance No. 46-2009, as amended by Nassau County Ordinance No. 176-2015. The petitioners/plaintiffs tendered their filing fees in the sum of $435,700 under protest.
Thereafter, the petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the County, the Planning Commission, [*2]DPW, and the respondent/defendant Nassau County Legislature. The petitioners/plaintiffs challenged the validity of the fees on the following grounds: (1) the fees are excessive and constitute an unauthorized tax; (2) the fees were imposed by the adoption of an ordinance, and not by the enactment of a local law, in violation of Municipal Home Rule Law § 10(1)(ii)(a); (3) certain portions of the fees attributable to DPW are duplicative of other fees attributable to the Planning Commission; and (4) the portion of the fees charged for the administration of a State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) review is preempted by state law. The petitioners/plaintiffs moved for summary judgment on the petition/complaint. In an order entered September 15, 2021, the Supreme Court denied the motion. The petitioners/plaintiffs appeal.
Ordinances imposed by local governments, including those that impose subdivision application fees, are entitled to a strong but rebuttable presumption of validity (see Lighthouse Shores v Town of Islip, 41 NY2d 7, 11; Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 838, 841; Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894; American Ind. Paper Mills Supply Co., Inc. v County of Westchester, 65 AD3d 1173, 1174-1175). Furthermore, when enacting an ordinance on fees, the enacting body is presumed to have investigated the subject (see generally Farrington v Pinckney, 1 NY2d 74, 88).
The petitioners/plaintiffs' contention that they were entitled to summary judgment on the cause of action alleging that the fees constituted an illegal tax is without merit. The fees imposed by municipalities and administrative agencies engaged in regulatory activity are subject to the general rule that the fees charged are "'reasonably necessary to the accomplishment of the regulatory program'" (Cella v Suffolk County, 220 AD3d 911, 912, quoting Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 485). However, "'[f]ees cannot be charged to generate revenue or to offset the cost of other governmental functions'" (Cella v Suffolk County, 220 AD3d at 913, quoting Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 58). "Only legislative bodies have the power to impose taxes (see NY Const, art III, § 1), which are exacted from citizens to 'defray the general costs of government unrelated to any particular benefit received by that citizen'" (Falk v Nassau County, 215 AD3d 801, 802, quoting Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d at 485). While it is not necessary for a municipality to establish exact congruence between the total expenses incurred by it in performing a fee-based application review function and the total fees charged to the applicant (see Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613, 621), the fee cannot "far exceed" the cost of administration (Bon Air Estates v Village of Suffern, 32 AD2d 921, 922). "To the extent that they do so, they are invalid as an unauthorized tax" (Matter of Joy Apts., LLC v Town of Cornwall, 160 AD3d 958, 959). Here, the petitioners/plaintiffs failed to meet their prima facie burden of demonstrating that the fees far exceeded the cost of the Planning Board's and DPW's respective reviews of the subdivision application, such that the fees constituted an unauthorized tax (see Fairhaven Apts. No. 4, Inc. v Town of N. Hemptstead, 8 AD3d 425, 426). Accordingly, the Supreme Court properly denied that branch of the petitioners/plaintiffs' motion which was for summary judgment on the cause of action alleging that the fees constituted an illegal tax, regardless of the sufficiency of the respondents/defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The petitioners/plaintiffs' contention that they were entitled to summary judgment on the causes of action alleging that the fees were invalid because they were adopted by ordinance and not by the enactment of a local law in violation of Municipal Home Rule Law § 10(1)(ii)(a) is without merit. Contrary to the petitioners/plaintiffs' contention, the power granted by Municipal Home Rule Law § 10(1)(ii)(a)(9-a) to local governments, such as the County, to act by local law to enact fees such as those at issue here is not a restriction against doing so by other authorized means, such as by ordinance as authorized by Statute of Local Governments § 10. Since the County's imposition of the fees via ordinance was authorized by Statute of Local Governments § 10 and not unauthorized by Municipal Home Rule Law § 10(1)(ii)(a)(9-a), the petitioners/plaintiffs failed to meet their prima facie burden on that branch of their motion which was for summary judgment on the causes of action seeking to invalidate the fee ordinance on the ground that it was imposed in violation of the Municipal Home Rule Law. Accordingly, the Supreme Court properly denied that [*3]branch of the motion regardless of the sufficiency of the respondents/defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The petitioners/plaintiffs' contention that they were entitled to summary judgment on the cause of action alleging that the portion of the fees imposed by the County for review pursuant to SEQRA were preempted by state law is without merit. Under the doctrine of conflict preemption, local governments "cannot adopt laws that are inconsistent with the Constitution or with any general law of the State" (Incorporated Vil. of Nyack v Daytop Vil., 78 NY2d 500, 505). "Under the doctrine of conflict preemption, a local law is preempted by a state law when a right or benefit is expressly given . . . by . . . State law which has then been curtailed or taken away by the local law" (Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 134 [internal quotation marks omitted], affd 20 NY3d 481). Here, the petitioners/plaintiffs failed to demonstrate, prima facie, that the County violated the conflict preemption doctrine with respect to the portion of the fees imposed for SEQRA review on the ground that those fees exceeded the fees permitted by 6 NYCRR 617.13. Accordingly, the Supreme Court properly denied that branch of the petitioners/plaintiffs' motion which was for summary judgment on the cause of action alleging that the portion of the fees imposed for SEQRA review were preempted by state law, regardless of the sufficiency of the respondents/defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The petitioners/plaintiffs' remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court