Ballato v Suffolk County Traffic & Parking Violations Agency (2025 NY Slip Op 03789)

Ballato v Suffolk County Traffic & Parking Violations Agency

2025 NY Slip Op 03789

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-05800
 (Index No. 623067/17)

[*1]Anthony Ballato, et al., respondents, 
v
Suffolk County Traffic and Parking Violations Agency, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppaauge, NY (Drew W. Schirmer of counsel), for appellants.
Scott Lockwood, Deer Park, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain subsections of Suffolk County Code § 818-78(A) are null and void, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated July 6, 2021. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs in this action challenge the validity of certain subsections of Suffolk County Code § 818-78(A), which set forth fees that the defendant Suffolk County Traffic and Parking Violations Agency (hereinafter the TPVA) may impose upon persons convicted of traffic and parking violations. The TPVA and its Nassau County counterpart "were created by the [L]egislature with authority to handle routine traffic and parking violations, thereby reducing the caseload of the overburdened local courts" (People v Iverson, 37 NY3d 98, 102). The TPVA, "a criminal court that . . . serve[s] as an arm of the Suffolk County District Court" (id. at 106), was created by legislation enacted in 2012 (see L 2012, ch 388; General Municipal Law § 370[3]; Suffolk County Charter § C37-1). In 2013, the Suffolk County Legislature enacted Suffolk County Code § 818-78.
In 2017, the plaintiffs commenced this action against the defendant County of Suffolk and the TPVA, inter alia, for a judgment declaring that Suffolk County Code § 818-78(A)(2) through (6) are null and void. The plaintiffs are individuals who were convicted of traffic or parking violations before the TPVA, either by pleading guilty or having been found guilty, and who were directed to pay administrative and late fees pursuant to the challenged provisions of the Suffolk County Code. In 2020, the defendants moved for summary judgment dismissing the complaint. By order dated July 6, 2021, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
"Legislative enactments are entitled to an 'exceedingly strong presumption of constitutionality'" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894, quoting Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). "Local laws and ordinances of municipalities [*2]are cloaked with the same strong presumption of constitutionality as a statute" (Infinite Green, Inc. v Town of Babylon, 201 AD3d 892, 894 [internal quotation marks omitted]; see Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d 417, 427). Therefore, "the burden rests on the party attacking them to overcome that presumption beyond a reasonable doubt" (Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 880, 882). Relatedly, a local legislative body is presumed to have investigated the subject of duly enacted legislation, including laws and ordinances imposing fees (see Matter of DuBois v Town Bd. of Town of New Paltz, 35 NY2d 617, 624; Matter of WG Woodmere, LLC v Nassau County Planning Commn., 230 AD3d 697, 699).
Moreover, "[a] fee charged by a municipality . . . must be reasonably necessary to the accomplishment of the statutory command" (Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856; see Matter of Landstein v Town of LaGrange, 166 AD3d 100, 111). Fees "may not be open-ended or potentially unlimited, and must be assessed or estimated on the basis of reliable factual studies or statistics" (Kencar Assoc., LLC v Town of Kent, 27 AD3d 423, 423 [internal quotation marks omitted]). Nor can fees "be charged to generate revenue or to offset the cost of other governmental functions" (Matter of WG Woodmere, LLC v Nassau County Planning Commn., 230 AD3d at 699 [internal quotation marks omitted]; see Falk v Nassau County, 215 AD3d 801, 802). "To the extent that they do so, they are invalid as an unauthorized tax" (Matter of Joy Apts., LLC v Town of Cornwall, 160 AD3d 958, 959). "While it is not necessary for a municipality to establish exact congruence between the total expenses incurred . . . and the total fees charged . . . , the fee cannot far exceed the cost of administration" (Matter of WG Woodmere, LLC v Nassau County Planning Commn., 230 AD3d at 699 [citation and internal quotation marks omitted]). "'Without the safeguard of a requirement that fees bear a relation to average costs, a [municipality] would be free to incur, in the individual case, not only necessary costs but also any which it, in its untrammeled discretion, might think desirable or convenient, no matter how oppressive or discouraging they might in fact be'" (Cella v Suffolk County, 220 AD3d 911, 913, quoting Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 163).
Here, even assuming, without deciding, that the defendants met their burden of demonstrating their prima facie entitlement to judgment as a matter of law by invoking the presumption of validity (compare T-Rex Hyde Park Owner, LLC v Dutchess County Legislature, 134 AD3d 1024, 1026-1027, with Schulz v State of N.Y. Exec., 134 AD3d 52, 55), the plaintiffs' submissions were sufficient to raise triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cella v Suffolk County, 220 AD3d at 913). Specifically, the plaintiffs demonstrated that triable issues of fact exist as to whether the fees imposed pursuant to Suffolk County Code § 818-78(A)(2) through (6) were used to defray the general cost of other governmental functions or were otherwise excessive, as opposed to reasonably necessary to cover the relevant operating costs purportedly incurred by the TPVA (see Matter of WG Woodmere, LLC v Nassau County Planning Commn., 230 AD3d at 700; Falk v Nassau County, 215 AD3d at 803; Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d at 856).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court